UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH WILLIAM MAYLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHICAGO PARKS DISTRICT; ILLINOIS ) <br> DEPARTMENT OF NATURAL ) <br> RESOURCES, DIVISION OF PARKS AND ) <br> RECREATION; Acting U.S. Attorney ) <br> General MATTHEW G. WHITAKER, in his ) <br> official capacity; COOK COUNTY ) <br> ANIMAL CONTROL; and CITY OF ) <br> CHICAGO, ) <br> ) <br> Defendants. ) | No. 18 C 6211 <br><br> Judge Leinenweber |

**MEMORANDUM IN SUPPORT OF
<u>ACTING U.S. ATTORNEY GENERAL'S MOTION TO DISMISS</u>**

**Introduction**

This is an unusual lawsuit, but that should not distract from plaintiff Kenneth Mayle's lack of standing to pursue his equal protection claim against the Acting Attorney General of the United States seeking declaratory and injunctive relief based on an allegation that a Department of Justice ADA regulation unconstitutionally excludes his emotional-support pig from the kinds of service animals that businesses must accommodate. And even if Mayle did have standing, the claim should be dismissed because, per the complaint's own allegations, the Department of Justice regulation in question is supported by a rational basis. Either way, the Acting Attorney General should be dismissed from this lawsuit.

**Background**

Plaintiff Kenneth Mayle claims that his constitutional rights have been violated by the Attorney General of the United States, among others, because he is unable to bring his emotional-support pig, named Chief Wiggum, to various businesses and public parks. Complaint (Dkt. 1) ¶¶ 32-93. Of the complaint's four counts, Count 3 is the only count directed toward the Attorney General. It alleges an equal protection violation under the Fourteenth Amendment and seeks declaratory and injunctive relief based on an allegation that the Department of Justice's "implementation of the ADA" unconstitutionally "limits service animals to dogs and miniature horses." *Id.* ¶ 153. This seems to be a reference to 28 U.S.C. § 36.302(c), which says that a place of public accommodation "shall" modify its policies to permit the use of service animals, defined as dogs (28 C.F.R. § 36.104) or miniature horses (28 C.F.R. § 36.302(c)(9)) that meet certain requirements. *See also* Complaint (Dkt. 1) ¶ 17 (citing 28 C.F.R. § 36.302(c)); *Lamers Dairy, Inc. v. USDA*, 379 F.3d 466 (7th Cir. 2004) (considering whether federal agency regulation deprived plaintiff of equal protection). Mayle claims that it is discriminatory that the regulation requires places of public accommodation to allow service dogs and miniature horses but not service pigs. *Id.* ¶¶ 32-93.

**Argument**

Mayle's equal protection claim against the Acting Attorney General should be dismissed for either of two independent reasons. First, the claim should be dismissed under Rule 12(b)(1) for lack of jurisdiction, because Mayle does not have standing to pursue it. And second, the claim should be dismissed under Rule 12(b)(6) for failure to state a claim, because Mayle's allegations do not overcome the presumption that the challenged regulation is rational.

**I.     Mayle's Lack of Standing**

Mayle's equal protection claim against the Acting Attorney General should be dismissed under Rule 12(b)(1) for lack of jurisdiction because Mayle does not have standing to pursue the claim. For a plaintiff to have standing, it must be likely, as opposed to merely speculative, that the plaintiff's injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Mayle's alleged injury would not be redressed by a favorable decision.

The regulation Mayle complains about does not *forbid* anyone from accommodating Mayle's pig. The regulation merely requires places of public accommodation to *allow* the use of service dogs and miniature horses. 28 C.F.R. § 36.302(c). Any place of public accommodation is free to welcome Mayle's pig, Chief Wiggum, if it wishes to, at least as far as the Americans with Disabilities Act and its implementing regulations are concerned. Mayle seems to seek a declaration that the regulation requiring places of public accommodation to welcome service dogs and miniature horses is unconstitutional. But even if the regulation were invalidated, all of the businesses and local government entities that Mayle mentions in his complaint could *still* decide not to accommodate Chief Wiggum. Invalidating the regulation would not force anyone to accommodate Chief Wiggum, just as no one is forced to accommodate the pig today.

Because a declaration that the regulation Mayle challenges is unconstitutional would change nothing about Mayle's situation, his alleged injury would not be redressed by a favorable decision. Consequently, Mayle does not have standing to pursue his claim that the regulation is unconstitutional. *Lujan*, 504 U.S. at 560-61. It is neither likely nor speculative that a judgment against the Acting U.S. Attorney General would redress Mayle's claimed injury (not being allowed to take his pig where he wants). *Id.* Rather, it is virtually certain that it would not.

## II. Challenged Regulation's Rational Basis

Even if Mayle did have standing, his equal protection claim against the Acting Attorney General should still be dismissed under Rule 12(b)(6) for failure to state a claim, because Mayle's allegations do not challenge the presumption that the challenged regulation is rational. To the contrary, his allegations *support* the conclusion that the regulation is rational.

Mayle alleges that the Department of Justice's regulation requiring places of public accommodation to welcome service dogs and miniature horses (but not requiring them to welcome service pigs) violates his right to equal protection. As the basis for his claim, Mayle cites the Fourteenth Amendment's equal protection clause, which does not apply to the federal government. *Markham v. White*, 172 F.3d 486, 491 (7th Cir. 1999). But the Fifth Amendment's due process clause forbids the federal government from denying equal protection of the laws, and Fifth Amendment equal protection claims are treated "precisely the same" as equal protection claims under the Fourteenth Amendment. *Ben-Shalom v. Marsh*, 881 F.2d 454, 463 (7th Cir. 1989). So this pleading defect can be overcome. What cannot be overcome is the fact that, even under Mayle's own allegations, the challenged regulation is supported by a rational basis.

When a plaintiff alleges an equal protection violation, the court applies "rational basis" review if there is no fundamental right or suspect class at issue. *Brazil-Breashears v. Bilandic*, 53 F.3d 789, 793 (7th Cir. 1995). Here, Mayle appears to concede that no fundamental right or suspect class is implicated and that his claim is subject to rational basis review. Complaint (Dkt. 1) ¶ 88 ("There is no rational basis to treat domesticated pigs such as Guinea Hogs differently than miniature horses or dogs."), ¶ 155 ("the Defendant cannot demonstrate a reasonable basis for limiting service animals"), ¶ 156 (regulation in question limits service animals to dogs and miniature horses "despite no reasonable reason for doing so"). Under "rational basis" review, a classification will be upheld "if there is a rational relationship between the disparity of treatment

4

and some legitimate governmental purpose." *City of Chicago v. Shalala*, 189 F.3d 598, 605 (7th Cir. 1999). When applying rational basis review, the court presumes that the challenged governmental action is constitutional and will not set aside the action "if any state of facts reasaonably may be conceived to justify it." *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992).

At the dismissal stage, an equal protection claim subject to rational basis review can survive only if the plaintiff alleges facts "sufficient to overcome the presumption of rationality that applies to government classifications." *Wroblewski*, 965 F.2d at 460 (affirming dismissal of equal protection challenge); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 639 (7th Cir. 2007) (same). Here, Mayle's allegations do not overcome the presumption that the challenged regulation is rational. To the contrary, Mayle's allegations demonstrate *why* the challenged regulation is rational. Mayle repeatedly alleges in his complaint that his fellow citizens regularly harass him when he appears in public with Chief Wiggum. According to Mayle, beachgoers "aggressively ridiculed" him when he tried to bring Chief Wiggum to Chicago's North Avenue Beach. Complaint (Dkt. 1) ¶ 46. He has been "repeatedly harassed" when he has tried to take Chief Wiggum to a dog-only park. *Id*. ¶ 48. He was "heckled by park patrons" when he tried to take Chief Wiggum to a Six Flags amusement park. *Id*. ¶ 54. He "was harassed by people" when he left Chief Wiggum tethered outside a 7-Eleven convenience store. *Id*. ¶ 60. And people "regularly threaten to call the Chicago Police" when they see him with Chief Wiggum. *Id*. ¶ 61. In Mayle's telling, he lives under "constant threat of citizen harassment" when he tries to travel anywhere with Chief Wiggum. *Id*. ¶ 61.

In light of the hostile reaction that pigs apparently arouse when seen on the streets, parks, and beaches of Chicago, a regulation requiring public accommodation for dogs and miniature horses but not pigs, whether or not ideal, cannot be described as irrational. The government has

5

an undeniable interest in keeping public order, *McCullen v. Coakley*, 134 S.Ct. 2518, 2535 (2014), and if Mayle's own allegations are to be believed, requiring places of public accommodation to welcome service pigs would invite *dis*order. So Mayle's own allegations demonstrate that the regulation at least has a rational basis. *Wroblewski*, 965 F.2d at 460 ("A rational basis for the City's policy toward Wroblewski is not only conceivable and plausible; it is directly supported by the allegations in the complaint."); *see also Grant v. City of Chicago*, 594 F.Supp. 1441, 1450-51 (N.D. Ill. 1984) (dismissing equal protection challenge to city's "booting" ordinance because of legitimate government interest in "keeping the streets free from congestion and safe for the general public"). Mayle may want his government to make efforts to reduce the "stigma that pigs are dirty," Complaint (Dkt. 1) ¶ 43, but that is a topic he can freely take up with his elected representatives. He has not stated a cognizable equal protection claim against the Attorney General.

## Conclusion

For the above reasons, Count 3 should be dismissed for lack of jurisdiction or for failure to state a claim, and the Acting U.S. Attorney General should be dismissed as a defendant.

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

    By: s/ Alex Hartzler
        ALEX HARTZLER
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-1390
        alex.hartzler@usdoj.gov