**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KENNETH WILLIAM MAYLE,      )
                                   )
           Plaintiff,         )     18 CV 6211
                                   )
     vs.                     )     Honorable Judge Leinenweber
                                   )
CHICAGO PARKS DISTRICT, *et al.,*    )
                                   )
         Defendants.     )

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Cook County Animal Control by Cook County State's Attorney Kimberly M. Foxx, through Assistant State's Attorneys Sisavanh Baker, Prathima Yeddanapudi and Jennifer King, respectfully moves, pursuant to Rules 12(b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint, and in support states:

### INTRODUCTION

On September 11, 2018, Plaintiff filed the instant Complaint alleging (1) denial of reasonable accommodations as provided for by the American Disabilities Act, (2) violation of the Illinois Human Rights Act, (3) violation of equal protection under the Fourteenth Amendment, and (4) violation of his First Amendment right to free exercise of religion. Plaintiff seeks to have his pet hog treated as a service animal under the law and for the hog to have access to various public spaces. Plaintiff's Complaint as it relates to the Cook County Animal Control ("Animal Control") should be dismissed because Plaintiff has not articulated a claim against Animal Control for which he may obtain relief. The animal in question does not qualify as a

service animal under the American Disabilities Act, and no reasonable accommodation can be made by Animal Control.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint ("Complaint"), and are presumed to be true solely for the purposes of this Motion to Dismiss. Plaintiff suffers from bipolar disorder, which is a condition covered by the American Disabilities Act, 42 U.S.C.S. § 12181 *et seq.* ("ADA"). (Complaint at ¶36). Plaintiff owns a guinea hog, Chief Wiggum, that is not a registered service animal. (*Id.* at ¶¶ 32, 49). Plaintiff is unable to take his guinea hog to multiple public spaces where dogs are allowed, including parks and beaches. (*Id.* at ¶41, ¶50). In 2016, Plaintiff's veterinarian denied his request for a dog friendly area tag ("DFA tag") for his hog because DFA tags are only issued to dogs. (*Id.* at ¶53).

## STANDARDS OF REVIEW

A complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. See, e.g., *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007); *Scott Air Force Base Properties, LLC v. County of St. Clair*, 548 F.3d 516, 523 (7th Cir. 2008) (affirming dismissal under Rule 12(b)(1) on the grounds that the Tax Injunction Act "divested the district court of subject matter jurisdiction over the [plaintiff's] complaint.")

A Rule 12(b)(1) motion is properly understood as a facial challenge to subject matter jurisdiction when a Defendant contends that Plaintiff's complaint lacks sufficient facial allegations to establish standing. *Silha v. ACT, Inc.,* 807 F.3d 169, 172-173 (7th Cir. 2015). "In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff" *Id.* citing *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-444 (7th Cir. 2009).

Article III of the Constitution limits federal subject matter jurisdiction to certain "cases" and "controversies," and "the irreducible constitutional minimum" is established by three elements. *Silha* at 172-173, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The three elements that the plaintiff must show to establish standing are that (1) it has suffered an injury in fact; (2) "the injury is fairly traceable to the challenged action of the defendant;" and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl, Servs. (TOC), Inc.,* 528 U.S. 167 (2000), citing *Lujan* at 561.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to make "detailed factual allegations," but there must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

In reviewing the sufficiency of a complaint, the court should take the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678), nor should a court "strain to find inferences favorable to plaintiffs" or accept unreasonable inferences. *Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 673 (7th Cir. 1992). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the

complaint are true; "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

Plaintiff's Complaint as it relates to the Cook County Animal Control ("Animal Control") should be dismissed because Plaintiff has not articulated a claim against the Animal Control for which he may obtain relief. In his Complaint, Plaintiff alleges that he has been denied reasonable accommodations as provided for by the ADA. Specifically, as it relates to Defendant Animal Control, Plaintiff alleges that Animal Control is responsible for creating and enforcing the vaccination regime for all animals within the county, and has violated Plaintiff's right to a reasonable accommodation under the ADA for failing to issue a rabies vaccination tag to his pet guinea hog (hereinafter "Chief Wiggum" or "the hog"). (Complaint at ¶¶ 71, 73, 80, and 81).

Plaintiff lacks standing because he cannot show that obtaining a rabies vaccination tag or certification would in any way change his current situation. Plaintiff's pet, Chief Wiggum does not qualify as a service animal under the ADA, and, as such, Plaintiff is not entitled to reasonable accommodations under the ADA. Moreover, requiring Animal Control to issue Chief Wiggum a DFA tag is not a reasonable accommodation. Therefore, Plaintiff's complaint should be dismissed.

### I. Plaintiff Lacks Standing

Plaintiff's claim against the Cook County Animal Control should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff does not have standing to pursue the claim. For a plaintiff to have standing, it must be "'likely, as opposed to merely speculative,'" that the plaintiff's injury will be "'redressed by a favorable decision.'" *Lujan* at 560-61, citing *Simon v. Easter Ky. Welfare Rights Organization*, 426 U.S. 26, 38, 43 (1976). Here, Plaintiff's alleged injury would certainly not be redressed by a favorable decision.

4

Illinois law requires that all dogs, cats, and ferrets receive a rabies vaccination, and provides that counties shall issue DFA tags to all vaccinated dogs, and certifications to vaccinated cats and ferrets. 510 ILCS 5/8. Nothing in the statute prevents veterinarians from vaccinating porcine animals. Nothing in the Cook County Code of Ordinances that governs animal control regulates the vaccination of porcine animals. Animal Control is simply not required by statute or ordinance to issue certification of rabies vaccination for animals other than dogs, cats, and ferrets.

Plaintiff complains that he must receive a DFA tag or some certification of rabies vaccination for Chief Wiggum in order to access public spaces and dog friendly areas in the City of Chicago. However, the issuance of DFA tags is governed by State law, 510 ILCS 5/8, and the regulation of dog friendly areas is not within the purview of Animal Control. Furthermore, nothing in Plaintiff's Compliant suggests that admission to these desired areas is contingent on the certification or DFA tag. The regulations merely require that dogs, cats, and ferrets received these certifications. Plaintiff alleges that dogs are required to have a DFA tag to access dog friendly areas (Complaint at ¶ ¶ 29, 53), and subsequently draws the unfounded conclusion that Chief Wiggum must then have a DFA tag to access those areas as well. However, there is no allegation that cats and ferrets are allowed access to dog friendly areas if certified, nor can Plaintiff make one. Places of public accommodation are free to allow Chief Wiggum, or any animal, entry, if they wish to do so, with or without a rabies-vaccination certification. But needlessly certifying Chief Wiggum would not force any place or public area to accommodate Plaintiff and his pet hog.

It is neither speculative nor likely that Plaintiff's alleged injury would be remedied if this Court required Animal Control to issue a vaccination certification or DFA tag to Chief Wiggum.

Such a decision would not alter Plaintiff's current rights as it relates to access to public spaces; his complaint against Animal Control would not be "'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (internal citations omitted). Therefore, Plaintiff does not have standing to pursue his claim against Cook County Animal Control, and Animal Control should be dismissed as a Defendant in this case. *See Id.*

## II.     Plaintiff Is Not Entitled To Accommodations Under The ADA

Here, Plaintiff alleges that Animal Control discriminated against him within the meaning of the ADA by refusing to issue a tag certifying Chief Wiggum's rabies vaccination. In order to prevail on his claims under the ADA, Plaintiff must provide evidence that Plaintiff was disabled, that he needs the hog to treat his disability, and that his disability makes it necessary for Plaintiff to travel to various public locations with the hog. *See Stevens v. Hollywood Towers & Condo. Ass'n*, 836 F. Supp. 2d 800, 810 (N.D. Ill. December 29, 2011).

Plaintiff must prove, as a prerequisite to his claim, that Chief Wiggum, is actually a service animal under the ADA as the regulations implementing the ADA only protect the right to take service animals – as opposed to, *e.g.,* untrained or emotional support animals – into public facilities. *See  e.g., Cordoves v. Miami-Dade Cty.*, 92 F. Supp. 3d 1221, 1230 (S.D. Fla. 2015); *Davis v. Ma*, 848 F. Supp. 2d 1105, 1114 (C.D. Cal. 2012), *aff'd*, 568 F. App'x 488 (9th Cir. 2014); *Miller v. Ladd*, No. CV-08-05595-NJV, 2010 U.S. Dist. LEXIS 73050, 2010 WL 2867808, at *4 (N.D. Cal. July 20, 2010); *Vaughn v. Rent-A-Center*, Inc., No. 2:06-cv-1027, 2009 U.S. Dist. LEXIS 20747, 2009 WL 723166, at *10 (S.D. Ohio Mar. 16, 2009), *Riley v. Bd. of Comm'rs*, 2017 U.S. Dist. LEXIS 153737, *11-13 (N.D. Ind. September 21, 2017).  The Code of Federal Regulations defines a service animal as follows:

> Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. Other species of animals, whether wild or domestic, trained or untrained, are not service animals for the purposes of this definition. The work or tasks performed by a service animal must be directly related to the individual's disability.

28 C.F.R. §§ 35.104, 36.104. The regulation clearly defines "service animal" as a dog, which Chief Wiggum is not. However, assuming *arguendo* that hogs might qualify as "service animals," the regulation requires that the animal in question perform tasks for the benefit of an individual with a disability, and that the task performed must be directly related to the individual's disability.

In *Riley v. Bd. of Comm'rs*, the plaintiff, a disabled service member diagnosed with PTSD, sought to enter a courthouse with his dog, Bella, in order to provide a victim impact statement for a crime in which he had been the victim, and was denied. *Riley v. Bd. of Comm'rs*, at *5. The Plaintiff had trained his dog, Bella, to calm him during his PTSD episodes, among other quotidian tasks, including helping Plaintiff regain his footing and getting help if required. *Id.* However, the Court found that the tasks, such as providing "balance support and mobility assistance," did not qualify Bella as a service animal under the ADA because Plaintiff's ambulatory problems were not related to his PTSD. *Id.*at *15. Furthermore, the fact that Bella calmed the Plaintiff during his PTSD episodes did not reach the threshold of service animal qualification because "having a calming effect on an individual, without more, does not render any animal a service animal under the ADA." *Id.*at *17; *see also* 28 C.F.R. § 35.104 ("[T]he provision of emotional support, wellbeing, comfort, or companionship do not constitute work or tasks for the purposes of this definition."); *Lerma v. California Exposition and State Fair Police*, 2014 U.S. Dist. LEXIS 285, 2014 WL 28810, at *5 (E.D. Cal. Jan. 2, 2014) (finding that dog's provision of emotional support and comfort did not qualify as work or tasks under the ADA's

definition of service animal); *Rose v. Springfield-Greene County Health Dep't,*, 668 F. Supp. 2d 1206, 1215 (W.D.Mo. October 21, 2009) (finding that a monkey's provision of comfort to plaintiff did not qualify it as a service animal).

In the case at hand, even if Plaintiff's hog were a dog, Plaintiff has not alleged that Chief Wiggum performs specific tasks related to Plaintiff's disability, thus would not qualify for accommodation under the ADA. The only task alleged by Plaintiff is that "Chief Wiggum provides Plaintiff massage therapy on his hands and other body areas helping reduce the effect including anxiety and depression." (Complaint at ¶ 36). However, Plaintiff does not proffer how this is directly related to Plaintiff's alleged disability, bi-polar disorder. As was held in *Riley*, "having a calming effect on an individual, *without more*, does not render any animal a service animal under the ADA." *Riley* at *17 (emphasis added). Plaintiff himself asserts that Chief Wiggum is not a service animal. (Complaint at ¶ 49). Moreover, Plaintiff specifically alleges that Chief Wiggum provides emotional support and companionship (Complaint at ¶ ¶ 32, 39), yet the regulations and case law are clear that this does not constitute work or tasks for the purposes of the ADA. *See* 28 C.F.R. § 35.104. Chief Wiggum is not a service animal under the ADA and Animal Control should not be required under the ADA to provide the accommodation demanded by Plaintiff.

### III. Requiring Animal Control to Issue a Dog Friendly Area Tag for a Hog Is Not a Reasonable Accommodation

The Complaint alleges that Plaintiff has been denied reasonable accommodations as provided for by the ADA. Specifically, as it relates to Defendant Cook County Animal Control, Plaintiff alleges that Animal Control is responsible for creating and enforcing a vaccination regime for all animals within the county, and has violated Plaintiff's right to reasonable

accommodation under the ADA for failing to issue a rabies vaccination tag, specifically a DFA tag, to his hog. (Complaint at ¶¶ 71, 73, 80, and 81).

Title III of the ADA establishes that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation…." 42 U.S.C. § 12182(a). "Discrimination" is defined as, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities…" 42 U.S.C. § 12182(b)(2)(A)(ii). The Department of Justice has issued regulations stating that "generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1). By this regulation the Department of Justice intended that "the broadest feasible access be provided to service animals in all places of public accommodation …" 28 C.F.R. Pt. 36, App. B at 697, *see also Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 843-844 (9th Cir. Cal. May 27, 2004). However, the failure to make such modifications does not constitute discrimination where the entity "can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations…" 42 U.S.C. § 12182(b)(2)(A)(ii). The Supreme Court has clarified that "the statute contemplates three inquiries: whether the requested modification is 'reasonable,' whether it is 'necessary' for the disabled individual, and whether it would 'fundamentally alter the nature of' the [goods, services, etc.].'" *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 683 n.38 (2001) (quoting 42 U.S.C. § 12182(b)(2)(A)(ii)).

The Cook County Animal Control issues the rabies vaccination in accordance with Illinois State law. Animal Control is not responsible for creating the rabies vaccination regime for all animals within the county. The State of Illinois has administered rabies control programs since 1927, and delegated some authority over rabies control to the counties. *County of Cook v. Village of Bridgeview*, 2014 IL App (1st) 122164, ¶ 20, 8 N.E.3d 1275 (1st Dist. 2014). The Illinois Animal Control Act ("the Act"), 510 ILCS 5/1 *et seq*., was enacted in 1971, in part, to prevent and control the spread of rabies in Illinois. *Id.* at ¶ 2. Section 3 of the Act provides that each county shall appoint an administrator to carry out the duties prescribed by Section 5 of the Act, which includes the duty to control and prevent the spread of rabies through rabies inoculation. 510 ILCS 5/3 and 5/5. Section 8 of the Act provides a vaccination regime, requiring that all dogs are inoculated against rabies by a licensed veterinarian, and that each county must issue a rabies inoculation tag to dogs that receive vaccination. 510 ILCS 5/8. Section 8 also notes that when a veterinarian immunizes a cat or ferret against rabies, the county shall issue a certificate of immunization. *Id.*

Chapter Ten of the Cook County Code of Ordinances ("Animal Control ordinance" or "ordinance") governs harmonious relationships in the interaction between human and animal. Cook County, Illinois, Code of Ordinances ch. 10. The Animal Control ordinance does not dictate which animals are required to receive the rabies vaccination. *Id.* at art. II, § 10-41. The ordinance essentially parrots the language of the state statute regarding the rabies vaccination. *See Id.*; 510 ILCS 5/8. Animal Control orders the inoculation of dogs, cats, and ferrets and provides certification of inoculation in accordance with the ordinance and State statute. *See* 510 ILCS 5/8. The Act is silent on vaccinating other animals for rabies, pigs included.

The ordinance defines "inoculation against rabies" as "the injection of a rabies vaccine approved by the Illinois Department of Agriculture and administered by a licensed veterinarian *in accordance with the company's recommendations* for the vaccine used." *See Ordinance* at § 10-2 (emphasis added). In his Complaint, Plaintiff admits that vaccinating pigs for rabies is considered "off-label" and that pigs have a natural resistance to rabies. (Complaint at ¶ 74). That is, vaccinating a pig for rabies is not in accordance with the company's recommendations (on the label) for the vaccine used. Requiring an unnecessary and off-label use of a medical vaccination is not a reasonable accommodation because it fundamentally alters the nature of the vaccine, which is not meant for pigs or hogs. Moreover, Animal Control does not have the authority to expand the category of animals that may receive a DFA tag, as it would be contrary to State law. Illinois State law explicitly directs veterinarians to obtain serially numbered tags from their County Animal Control to be issued to each dog inoculated against rabies. *See* 510 ILCS 5/8. The only other animals for which ordinance requires vaccination, cats and ferrets, merely receive a certification; they do not receive DFA tags because they are not dogs. Requiring Animal Control to issue the DFA tag to the hog fundamentally alters the nature of the DFA tag, which is reserved for dogs.

Even if Plaintiff were entitled to a reasonable accommodation for his disability under the ADA, it would be a far reach for this Court to order that Animal Control certify an off-label use of a drug as such accommodation, when Animal Control does not otherwise tag or certify any animal other than dogs, cats, or ferrets. The remedy that Plaintiff ultimately seeks is access to public parks and beaches, among other public spaces including dog friendly areas, for which he contends that Chief Wiggum needs a DFA tag for entry. Plaintiff's Complaint against Animal Control is primarily that he cannot obtain a DFA tag without a certification of rabies vaccination.

Yet, there is no indication in the allegations that such certification would allow Plaintiff to acquire a DFA tag and access dog friendly areas as regulated by the City of Chicago and the Parks District. Even if Animal Control were able to accommodate Plaintiff and certify the unnecessary and off-label rabies vaccination for Chief Wiggum, the hog would likely not qualify for a dog friendly area tag because he is a hog, not a dog.

Plaintiff's Complaint as it relates to the Cook County Animal Control should be dismissed because Plaintiff has not articulated a claim against the Animal Control for which he may obtain relief. Chief Wiggum is not a service animal under the ADA, requiring Cook County Animal Control to endorse an off-label vaccination and issue a dog friendly area tag to a hog is not a reasonable accommodation under the ADA, and finally, Plaintiff is unlikely to achieve his goal of access to dog friendly areas even if Animal Control were to issue the requested rabies certification.

## CONCLUSION

Wherefore, for the above stated reasons, Defendant respectfully requests this Honorable Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and enter such further relief as this Court deems just and appropriate.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

/s/ *Sisavanh Baker*
Sisavanh Baker
Prathima Yeddanapudi
Jennifer King
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-7998

12