UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH WILLIAM MAYLE, | ) | |
| | ) | |
| Plaintiff, | ) | 18 CV 6211 |
| | ) | |
| vs. | ) | Honorable Judge Leinenweber |
| | ) | |
| CHICAGO PARKS DISTRICT, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Cook County Animal Control by Cook County State's Attorney Kimberly M. Foxx, through Assistant State's Attorneys Prathima Yeddanapudi and Jennifer C. King submit the following Reply in support of the Cook County Animal Control's Motion to Dismiss Plaintiff's Complaint:

**INTRODUCTION**

Chief Wiggum is not a service animal, and therefore Plaintiff is not entitled to a reasonable accommodation. Requiring the Cook County Animal Control ("Animal Control")to issue a tag that is statutorily intended for dogs is not a reasonable accommodation, has no impact on the analysis of whether an animal qualifies as a service animal, and does not grant the right for any animal, other than a dog, to enter dog-friendly spaces. Plaintiff's Complaint as it relates to the Cook County Animal Control should be dismissed because Plaintiff has not articulated a claim against Animal Control for which he may obtain relief.

**ARGUMENT**

**I.    Plaintiff has not articulated a claim against the Animal Control for which he may obtain relief.**

Plaintiff contends that his complaint should be considered in its entirety when ruling on a motion to dismiss under Rule 12(b)(6). However, there is no reason or requirement that this Court retain Animal Control as a defendant in order to consider claims not directed at Animal Control, and not within Animal Control's purview. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff cites no facts relevant to Animal Control that are sufficient to maintain a claim.

Plaintiff alleges that Animal Control is responsible for creating and enforcing the vaccination regime for all animals within the county, and has violated Plaintiff's right to a reasonable accommodation under the ADA for failing to issue a rabies vaccination tag for access to dog-friendly areas ("DFA tag") to his pet guinea hog (hereinafter "Chief Wiggum" or "the hog"). (Complaint at ¶ 71, ¶73, ¶80 and ¶81). Plaintiff is not entitled to reasonable accommodations under the ADA because Chief Wiggum does not qualify as a service animal, and moreover, is not a dog; thus, requiring Animal Control to issue Chief Wiggum a DFA tag is not a reasonable accommodation. Moreover, issuing Chief Wiggum a DFA tag will not grant Plaintiff the relief he seeks. A DFA tag does not unilaterally grant one's pet access to dog-friendly areas. It is axiomatic that only humans and dogs are allowed such access. Plaintiff's complaint as it relates to Animal Control should be dismissed because Plaintiff has failed to state a claim against Animal Control for which this Court may grant him relief.

## II. Plaintiff Fails To Show Standing

Plaintiff alleges that he has standing, yet fails to demonstrate that his alleged injury is likely to be resolved by a favorable decision in this case. (See Pl. Resp. at 11). For a plaintiff to

have standing, it must be "likely, as opposed to merely speculative," that the plaintiff's injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 560, 561(1992). Plaintiff continuously notes his inability to access public spaces with his hog, but he has not shown how receiving a DFA tag from the Cook County Animal Control will provide redress for his injury. Under Illinois law all dogs, cats, and ferrets are required to receive a rabies vaccination, however, counties are only required to issue DFA tags to vaccinated dogs. 510 ILCS 5/8. Vaccinated cats and ferrets receive certifications. *Id*. While the statute does not prohibit the vaccination of porcine animals, the statue does not require the Animal Control to issue a tag or certification to any other animals, except for dogs, cats, and ferrets. It is not within the Animal Control's authority to go beyond the Illinois statute and provide Plaintiff's guinea hog with a DFA tag.

Additionally, Plaintiff has not asserted any facts to show that requiring Animal Control to issue his guinea hog a DFA tag would allow him to access public spaces with his hog. The regulation of dog friendly areas is not within the purview of Animal Control. Moreover, the possession of a DFA tag is not a requirement to enter those dog friendly areas. Providing Chief Wiggum with a DFA tag or a rabies certification will not enable Plaintiff to access public spaces accompanied by his hog. A favorable decision is not likely to alter Plaintiffs' right to access public spaces with Chief Wiggum in tow, and therefore, Plaintiff has no standing to pursue his claim against Cook County Animal Control.

### III. Plaintiff Is Not Entitled To Accommodations Under The ADA Because Chief Wiggum Is Not A Service Animal

#### a. Chief Wiggum is not a service animal under 28 C.F.R. §§ 35.104, 36.104

Plaintiff contends that it is unconstitutional to restrict service animals to dogs and miniature horses, thus his hog should be recognized as a service animal. (See Pl. Resp. at 14).

However, Plaintiff provides no facts to show that Chief Wiggum satisfies the definition of a service animal under the requirements outlined in 28 CFR §§ 35.104, 36.104. A service animal is defined as follows:

> Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. Other species of animals, whether wild or domestic, trained or untrained, are not service animals for the purposes of this definition. The work or tasks performed by a service animal must be directly related to the individual's disability.

28 C.F.R. §§ 35.104, 36.104. Aside from the fact that Chief Wiggum is not a dog, nor a miniature horse, Plaintiff still fails to show how the hog performs tasks directly related to Plaintiff's disability, as required by federal regulations.

Plaintiff argues that in addition to providing comfort tasks, Chief Wiggum provides pressure to Plaintiff's body when Plaintiff is struggling with anxiety and other emotions because of his psychiatric condition. (See Pl. Resp. at 18). Plaintiff cites *Cordoves v. Miami-Dade County*, 92 Supp. 3d 1221 (S.D. Fla. 2015) in support of his contention that an animal should not be excluded as a service animal simply because it provides comfort tasks. Plaintiff neglects to note that the service animal at issue in *Cordoves* was a dog. The issue in *Cordoves* was whether the tasks performed by that dog constituted the requisite tasks of a service animal. This is different from the case at hand. Chief Wiggum is not a dog and does not fall in the definition of service animal under 28 C.F.R. §§ 35.104, 36.104. Moreover, Plaintiff continues to discuss the comfort tasks Chief Wiggum performs, and has yet to demonstrate that Chief Wiggum is a service animal that performs tasks directly related to his disability. In *Cordoves*, the court found that the dog at issue performed tasks directly related to the plaintiff's disability and not simply provide "emotional support, well-being, comfort, or companionship." *Cordoves,* at 1231.

"Having a calming effect on an individual, without more, does not render any animal a service animal under the ADA." *Riley v. Bd. of Comm'rs*, 2017 U.S. Dist. LEXIS 153737, *17 (N.D. Ind. September 21, 2017). Chief Wiggum may perform tasks which have a calming effect on Plaintiff, but comfort tasks are not enough to qualify him as a service animal under the ADA.

Plaintiff claims that he wants a DFA tag for Chief Wiggum to demonstrate that the hog poses no "direct threat" in accordance with 28 §§ 35.139(a), 36.208(a) and that the hog may then qualify as a service animal. (See Pl. Resp. at 13). Plaintiff's discussion of "direct threat" and issuance of a DFA tag is irrelevant to the issue of whether Chief Wiggum qualifies as a service animal. Issuing a DFA tag will not change the fact that the hog is not a dog, or miniature horse, that performs tasks directly related to Plaintiffs' alleged disability as required by federal regulations.

### b. A DFA tag issued by the Cook County Animal Control is not a reasonable accommodation.

Plaintiff wants Animal Control to issue a DFA tag to Chief Wiggum, and contends that he is entitled to a reasonable accommodation because Chief Wiggum is a service animal. (See Pl. Resp. at 13). The Department of Justice has issued regulations stating that "generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1). An entity is not required to make such modifications if it would "fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations…" 42 U.S.C. § 12182(b)(2)(A)(ii).

As noted above, Chief Wiggum does not qualify as a service animal, thus, Plaintiff is not entitled to a reasonable accommodation. Additionally, issuing a DFA tag is not a reasonable accommodation. Animal Control issues DFA tags to dogs in accordance with Illinois law. *See* 510 ILCS 5/8. Animal Control does not have the authority to expand the category of animals

that may receive a DFA tag, as it would be contrary to State law. The only other animals for which the ordinance requires vaccination, cats and ferrets, merely receive a certification; they do not receive DFA tags because they are not dogs. As argued in the Motion to Dismiss, requiring Animal Control to issue the DFA tag to the hog fundamentally alters the nature of the DFA tag, which is reserved for dogs. Animal Control is not required or authorized to modify the category of animals to which it issues a DFA tag to any animal that is not a dog.

Ultimately, Plaintiff wants to access public spaces with Chief Wiggum, specifically dog-friendly areas. Not only is issuing a DFA tag to a guinea hog not a reasonable accommodation, it will not grant Plaintiff the relief he seeks. Chief Wiggum is not a service animal under the ADA. Requiring the Animal Control to issue Chief Wiggum a DFA tag, which is only administered to dogs, will not qualify Chief Wiggum as a service animal and will not grant Plaintiff the right to enter dog friendly spaces with Chief Wiggum. Plaintiff's Complaint as it relates to the Cook County Animal Control should be dismissed because Plaintiff has not articulated a claim against the Animal Control for which he may obtain relief.

## CONCLUSION

Wherefore, for the above stated reasons, Defendant respectfully requests this Honorable Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and enter such further relief as this Court deems just and appropriate.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

/s/ Prathima Yeddanapudi
Prathima Yeddanapudi
Jennifer C. King
Assistant State's Attorneys
500 Richard J. Daley Center

Chicago, Illinois 60602
(312) 603-5463