IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH MAYLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 18 C 6211 |
| | ) | |
| **CHICAGO PARK DISTRICT;** | ) | **Judge Harry D. Leinenweber** |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **NATURAL RESOURCES, DIVISION** | ) | |
| **OF PARKS AND RECREATION;** | ) | |
| Acting U.S. Attorney General | ) | |
| MATTHEW G. WHITAKER, in his | ) | |
| official capacity; COOK COUNTY | ) | |
| ANIMAL CONTROL; and | ) | |
| CITY OF CHICAGO; | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS

Defendant City of Chicago (the "City"), by its attorney, Edward N. Siskel, Corporation Counsel for the City of Chicago, hereby respectfully moves to dismiss Plaintiff's Complaint and Jury Demand ("Complaint" or "Compl.") with respect to the City pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, the City states as follows:

1. Plaintiff has a guinea hog named Chief Wiggum. He wishes to bring Chief Wiggum into certain public places and claims that the denial of his entry constitutes discrimination on the basis of disability and a violation of Plaintiff's right to free exercise of his religion. Plaintiff alleges that he has bipolar disorder, a psychiatric condition recognized as a disability under the Americans with Disabilities Act ("ADA"). *See* Compl. ¶ 31. He maintains that Chief Wiggum performs tasks to mitigate the effects of his disability and that the hog is therefore a "service animal" entitled to accommodation under the ADA (Count 1) and the Illinois

1

Human Rights Act ("IHRA") (Count 2). *See id.* ¶¶ 50, 133, 137. With respect to the City, Plaintiff asserts that his rights under the ADA and the IHRA have been violated by the City's failure to treat Chief Wiggum as a service animal by prohibiting the hog from entering Millennium Park. In addition, Plaintiff maintains that the City's restrictions on bringing animals (other than service animals) into certain places constitute a substantial burden on his ability to practice the religion of Satanism. *See id.* ¶ 169. He therefore asserts that the City's rules violate the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Count 4).[1]

2.  Plaintiff's claims with respect to the City should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). The standard of review governing motions to dismiss under Rule 12(b)(1) is the same as the standard governing motions to dismiss under Rule 12(b)(6). *See Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). When reviewing either motion, a court proceeds in two steps: "a court (1) first identifies the well-pleaded factual allegations by discarding the pleadings that are 'no more than conclusions' and (2) then determines whether the remaining well-pleaded factual allegations 'plausibly give rise to an entitlement of relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

3.  Plaintiff's IHRA claim (Count 2) should be dismissed for lack of subject-matter jurisdiction because he has failed to exhaust his administrative remedies under the Act. Before a plaintiff can bring a civil action under the IHRA, he must first file a charge of discrimination with the Illinois Department of Human Rights; failure to exhaust administrative remedies under the IHRA requires dismissal under Rule 12(b)(1). *See Talley v. Washington Inventory Serv.*, 37

---

[1] In Count 3 of the complaint, Plaintiff also challenges the constitutionality of certain ADA regulations, but he directs that claim solely against the acting Attorney General of the United States.

F.3d 310, 313 (7th Cir. 1994). Plaintiff does not allege that he has exhausted his administrative remedies, and his IHRA claim must therefore be dismissed.

4. Plaintiff's claim under the ADA (Count 1) that the City has unlawfully refused to recognize Chief Wiggum as a service animal necessarily fails because ADA regulations themselves provide that only dogs (or in some case, miniature horses) qualify as service animals. *See* 28 C.F.R. § 35.104. Because Chief Wiggum is not a dog, the City is not required to accommodate him under the ADA, and Count 1 of the complaint must be dismissed.

5. Plaintiff's free-exercise claim (Count 4) must also be dismissed. Plaintiff cannot state a free-exercise claim under the First Amendment because the law (or laws, to the extent he is challenging more than one) he challenges is generally applicable and neutral with respect to religion. *See Employment Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 879 (1990). And Plaintiff cannot state a claim under RLUIPA because he does not challenge any land use regulation concerning his property. *See* 42 U.S.C. §§ 2000cc(a)(1), 2000cc-5(5).

WHEREFORE, for the foregoing reasons and for the reasons discussed more fully in the memorandum accompanying this motion, the City respectfully requests that the Court dismiss Plaintiff's Complaint and Jury Demand against the City pursuant to Rules 12(b)(1) and 12(b)(6) and grant the City such further relief as the Court deems just and appropriate.

Date: February 1, 2019

Respectfully submitted,

EDWARD N. SISKEL
Corporation Counsel for the City of Chicago

By: /s/ Justin Tresnowski_____
Assistant Corporation Counsel

JUSTIN TRESNOWSKI
City of Chicago, Department of Law

Constitutional and Commercial
      Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-4216