IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MAYLE, | ) | |
| | ) | No. 18 CV 6211 |
| Plaintiff, | ) | |
| | ) | Judge Leinenweber |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| ILLINOIS DEPT. OF NATURAL | ) | |
| RESOURCES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**IDNR's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant ILLINOIS DEPT. OF NATURAL RESOURCES, DIVISION OF PARKS AND RECREATION ("IDNR"), by and through counsel, KWAME RAOUL, Attorney General of Illinois, in support of its Motion to Dismiss, states as follows:

**FACTS**

Plaintiff is a resident of Chicago who follows the religious philosophies of Satanism. Pl.'s Complaint, ECF # 1 at ¶¶ 38, 42, 91-99. Per Plaintiff, he owns a pet guinea hog named Chief Wiggum, in order to further his religious beliefs and practices. *Id*. at ¶ 32. Plaintiff also professes to suffer from bipolar disorder and anxiety, and alleges that his pet serves as a therapy animal. *Id*. at ¶¶ 31-40. The present action stems from Plaintiff's belief that his condition entitles him to bring his pet hog to various private and public establishments. The venues have prohibited him from bringing Chief Wiggum on their premises. *Id*. at ¶¶ 41- 51. Specifically, with respect to the IDNR, Plaintiff makes vague references to state-owned parks but does not name any specific place recognized by state law[1]. He also fails to identify any date of his visit or any

---

[1] Illinois law designates 78 separate state parks under 20 ILCS 840/1 (West 2018) (attached hereto). Plaintiff does not allege having visited any of them.

representative of the IDNR who barred or discouraged him. He has filed the present suit in four counts: violations of: the Americans with Disabilities Act ("ADA") (Count 1);the Illinois Human Rights Act (Count 2); Equal Protection (Count 3); and First Amendment Right of Free Exercise of Religion (" and Religious Land Use and Institutionalized Persons Act, ("RLUIPA") (Count 4). Counts 1, 2 and 4 are directed at IDHR. Plaintiff seeks damages and declaratory and injunctive relief in a declaration that Chief Wiggam be designated as a service animal equal to dogs and horses. *Id*. at 27.

## STANDARD FOR RULE 12(b)(1) and 12(b)(6) MOTIONS TO DISMISS

A motion to dismiss for lack of subject matter jurisdiction is considered under Rule 12(b)(1). *St. John's United Church of Christ v. City of Chicago*, 582 F.3d 625, 616 (7th Cir. 2007). "Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005). To survive a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept as true all of the allegations contained in a complaint" and make all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). "That standard is met when the factual content allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft, Id*. *See also Rodriguez v. Plymouth Ambulance*

*Service*, 577 F.3d 816, 821 (7th Cir. 2009). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## ARGUMENT

### I. PLAINTIFF LACKS STANDING TO SUE

A party has Article III standing if he suffers an "injury in fact," the injury is fairly traceable to the challenged conduct, and the injury is likely to be redressed by a favorable judicial decision. *Buono v. Norton,* 371 F.3d 543, 546 (7th Cir. 2004); *see Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). "Subject matter jurisdiction is a threshold question, the first question in every case, because without jurisdiction the court cannot proceed at all." *In re ALT Hotel. Inc*., 479 B.R. 781, 805 (Bankr. N.D. Ill. 2012) (internal quotation marks and citations omitted); *see also Craig v. Ontario Corp*., 543 F.3d 872,874 (7th Cir. 2008) ("Naturally, the first question [the Court] must confront is that of jurisdiction."). Even so, "the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian College v. Americans United for the Separation of Church and State, Inc.,* 454 U.S. 464, 474–75 (1982)(*quoting Warth v. Seldin,* 422 U.S. 490, 499–500 (1975)).

Here, Plaintiff's allegations constitute no more than the generalized grievances of someone who observes government conduct with which he disagrees. Besides identifying as a Satanist, identifying as a pet owner, and expressing his views about the current laws regarding designated service animals, he has failed to claim any specific conduct by anyone from IDHR that is causing him any injury. More importantly, he has failed to claim any injury that has

3

resulted from his observations of IDNR's allegedly unconstitutional conduct; therefore has not shown a sufficient specific, tangible injury in fact. It is not enough to say, "my rights were violated." *Cf. Caldwell v. Caldwell*, 545 F.3d 1126, 1131 (9th Cir. 2008) (citing *Valley Forge Christian College v. Americans United for the Separation of Church and State, Inc.,* 454 U.S. 464, 483(1982). Accordingly, this Court should dismiss the Complaint against IDHR with prejudice.

The complaint also violates the requirements of Rule 8 of the Federal Rules of Civil Procedure. In *Swanson v. Citibank, N.A.,* 614 F.3d 400 (7th Cir. 2010) the Seventh Circuit held that the plaintiff's discrimination complaint satisfied Rule 8 because it identified the type of discrimination the plaintiff thought occurred (racial), by whom (a bank), and when (in connection with her efforts to obtain a home equity loan). *Id.* at 405. According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Id.* Under *Swanson,* a plaintiff alleging discrimination need only allege "how, in the plaintiff's mind at least, the dots should be connected" to comply with *Twombly* and *Iqbal. Id.* at 405. Here, Plaintiff does not connect the dots because he fails to identify any State park where he tried to bring his pet hog and was turned away. IDNR has not received sufficient notice of any agency controlled venue where any alleged violation took place. When a complaint is "unclear how each defendant is supposed to have participated" in the alleged conduct—as is the case here—it violates Rule 8(a). *Griffin v. Milwaukee Cty.*, 369 F. App'x 741, 743 (7th Cir. 2010) (non-precedential disposition). IDNR requests that the Court dismiss the complaint.

**II.     PLAINTIFF HAS FAILED TO STATE A CLAIM PURSUANT TO THE ADA**

Title II of the Americans with Disabilities Act prohibits public entities from discriminating against qualified individuals with disabilities. *See* 29 U.S.C. §§ 701 et seq., 42

4

U.S.C. § 12132. The ADA's accommodation mandate reflects enforcement efforts by Congress to ensure citizens' due process rights under the Fourteenth Amendment. *Tennessee v. Lane,* 541 U.S. 509, 523 (2004). In *Lane*, the Supreme Court considered the Title II claims of paraplegic litigants and members of the public who were forced to crawl up stairs to access a courtroom, and held that Congress was authorized to, and did, abrogate Tennessee's right to sovereign immunity in defending against the claims by passing Title II of the ADA. *Id*. at 531. With a few exceptions, Title II requires public entities to permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go. 28 C.F.R. § 35.136(g). Service animals are defined as dogs that are individually trained to do work or perform tasks for people with disabilities. *Id*. at § 35.104. "Emotional support animals" are not considered service animals which fall under Title II's mandate. *Id*. Also see *Sykes v. Cook County Circuit Court Prob. Div.,* 837 F.3d 736, 740 (7th Cir. 2016), *reh'g and suggestion for reh'g en banc denied* (Oct. 27, 2016). Defendant IDHR also hereby adopts and incorporates by reference the arguments raised by Defendants Cook County Animal Control, Chicago Park District, and Sessions. For all of these reasons, this Court should dismiss Count 1 of the complaint.

## III. PLAINTIFF MAY NOT PURSUE ANY IDHA CLAIM

Plaintiff has failed to exhaust the available administrative remedies[2] for his claims pursuant to the Illinois Human Rights Act. 775 ILCS 5/2 5/6-101 (West 2017). "Under Illinois law, the comprehensive scheme of remedies and administrative procedures of the IHRA is the

---

[2] While failure to exhaust administrative remedies is an affirmative defense. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000), and "[t]he proper vehicle for dismissal based on an affirmative defense is a Rule 12(c) motion for judgment on the pleadings." *Scott v. City of Kewanee*, 2014 WL 1302025, at *5 (C.D. Ill. 2014) (citing *Carr v. Tillery*, 591 F.3d 909, 912–13 (7th Cir. 2010) and *McCready v. eBay, Inc.*, 453 F.3d 882, 892 n.2 (7th Cir. 2006)), [t]he court evaluates a Rule 12(c) motion under "the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006).

exclusive source of redress for alleged violations of the act." *Jimenez v. Thompson Steel Co., Inc.*, 264 F. Supp. 2d 693, 695 (N.D. Ill. 2003). The IHRA "is enforceable only in administrative proceedings and not by an original suit in court, whether state or federal." *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) (citations omitted). Plaintiff has not alleged that he filed any administrative claim charging violations under the IHRA and he has not attached a final order from that claim. For these reasons, this Court should dismiss Count 2 of the complaint. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (citing *Greene v. Meese,* 875 F.2d 639, 643 (7th Cir.1989)) (determining that the "proper resolution for failing to exhaust administrative remedies is dismissal without prejudice").

**IV.  PLAINTIFF HAS FAILED TO STATE A CLAIM PURSUANT TO THE FIRST AMENDMENT OR RLUIPA**

Defendant IDHR hereby adopts and incorporates by reference the arguments raised by Defendants City of Chicago and Chicago Park District in their briefs.

## CONCLUSION

For the foregoing reasons, Defendant IDHR respectfully requests that this Court dismiss the complaint.

Respectfully submitted,

KWAME RAOUL
ILLINOIS ATTORNEY GENERAL

By:   *s/Shirley R. Calloway*
Shirley R. Calloway
Assistant Attorney General
100 W. Randolph St., 13th Floor
Chicago, Illinois  60601