UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH WILLIAM MAYLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHICAGO PARKS DISTRICT; ILLINOIS )<br>DEPARTMENT OF NATURAL )<br>RESOURCES, DIVISION OF PARKS AND )<br>RECREATION; U.S. Attorney General )<br>WILLIAM P. BARR, in his official capacity; )<br>COOK COUNTY ANIMAL CONTROL; )<br>and CITY OF CHICAGO, )<br>)<br>Defendants. ) | No. 18 C 6211<br><br>Judge Leinenweber |

**REPLY IN SUPPORT OF**
**U.S. ATTORNEY GENERAL'S MOTION TO DISMISS**

### Introduction

Plaintiff Kenneth Mayle's equal protection claim (Count 3), the only claim against the federal defendant, should be dismissed for either of the two independent reasons in the Department of Justice's opening brief: lack of standing, and a rational basis for the regulation in question. And the court need not engage with Mayle's argument about the supposed illegality of Matthew Whitaker's designation as Acting Attorney General, because William Barr has now been confirmed as Attorney General.

### Argument

**I.  Mayle's Lack of Standing**

As explained in the Department's opening brief (Dkt. 20), Count 3 should be dismissed under Rule 12(b)(1) because Mayle lacks standing to pursue it: he would get no relief even if the court were to invalidate the regulation he challenges. Mayle responds that the Americans with

Disabilities Act "requires places of public accommodation to make reasonable modifications to policies, practices, or procedures to afford access to persons with disabilities, including those who use services animals." Resp. (Dkt. 29) at 7. But the ADA actually says nothing about service animals. Protection for people who use service animals comes from the Department's regulation that requires places of public accommodation to allow service dogs and miniature horses that meet certain requirements. 28 C.F.R. §§ 36.302(c), 36.304. Striking down that regulation would not change the status quo with respect to Mayle and his emotional-support pig: any business is allowed not to accommodate pigs now, and the same would be true if the regulation were invalidated.

Mayle seems to believe that the Department's regulation somehow *forbids* businesses from accommodating his pig, Resp. at 7, but he cites to nothing besides the regulation's language *requiring* businesses to accommodate service dogs and miniature horses. *Id*. at 7-8. Mayle says that the ADA "should require" places of public accommodation to allow his pig. *Id*. at 8. But he can freely voice that opinion to his elected representatives in Congress, and he still has not explained how a favorable decision here would provide him relief.

Mayle also says that, if the Department's regulation were invalidated, the Department "would have to draft a new regulation" that might favor his interests. Resp. at 8. But that is speculation. The Department might decide not to draft anything; recall that the ADA says nothing about service animals in the first place. For a plaintiff to have standing, it must be *likely* that his injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Far from being likely that any business would choose to accommodate Mayle's pig in the event that the regulation were struck down, it is virtually certain that the city's businesses would continue not to accommodate it. Mayle does not have standing to pursue this lawsuit.

## II.     Challenged Regulation's Rational Basis

As explained in the Department's opening brief, even if Mayle did have standing, his equal protection claim should still be dismissed under Rule 12(b)(6) for failure to state a claim because his allegations *support*, rather than *overcome*, the presumption that the challenged regulation is constitutional. A regulation requiring public accommodation for service dogs and miniature horses—but not requiring accommodation for pigs—cannot be described as irrational where, under Mayle's own allegations, pigs arouse a hostile and threatening reaction when seen on the streets, parks, and beaches of Chicago.

Mayle responds that the Department's position represents a "mob mentality" and that this same type of "mob mentality" would have left black children and white children attending separate schools had the Supreme Court not ruled otherwise in *Brown v. Board of Education*, 347 U.S. 483 (1954). But Mayle's citation to *Brown* tells the whole story. A court will apply "strict scrutiny" to any *race*-based classification, *Majeske v. City of Chicago*, 218 F.3d 816, 819 (7th Cir. 2000), but a regulation that doesn't involve a suspect classification is constitutional as long as it has a rational basis. *Ind. Petro. Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015). Here, Mayle acknowledges that this case does not involve a suspect classification. Complaint (Dkt. 1) ¶ 88, 155, 156; Resp. at 8-9. And he offers no serious explanation for how the regulation might be irrational.

Mayle also says that Count 3 should survive dismissal and proceed to discovery because "the Government is arguing that its regulation is based on the idea that people just don't like pigs." Resp. at 9. But no one has said that the regulation Mayle challenges is in fact based on public animus toward pigs. (More likely, the idea of including an exception for emotional-support pigs did not occur to anyone involved in the regulation's drafting.) What matters when applying

rational basis review is the existence of "a rational relationship between the disparity of treatment and *some* legitimate government purpose." *City of Chicago v. Shalala*, 189 F.3d 598, 605 (7th Cir. 1999) (emphasis added). A governmental action survives rational basis review "if *any* set of facts reasonably may be conceived to justify it." *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992). Here, the public animus toward pigs that Mayle himself alleges is enough for the court to determine that the regulation is rational, regardless of the regulation's actual basis.

Mayle also accuses the Department of "go[ing] so far as to assert that when Plaintiff was subjected to ridicule and harassment, that was proof that he and his pig deserved it." Resp. at 9. But a reader of the Department's opening brief will find no suggestion that Mayle deserves ridicule and harassment. Mayle's wish to move about the city with his pig seems on its face to be genuine. But his inability to do so does not constitute an equal protection violation.

### III. Acting Attorney General's Substitution as Defendant

The court need not engage with Mayle's argument about the supposed illegality of Matthew Whitaker's designation as Acting Attorney General. The designation was constitutional, Whitaker is no longer the Acting Attorney General anyway, and even if he were, the issue would not affect any of the issues in this case.

#### A. Constitutionality of Whitaker's Designation

Whitaker's designation as Acting Attorney General was constitutional and authorized by federal law. *See* Designating an Acting Attorney General, 42 Op. O.L.C. __ (Nov. 14, 2018), slip op. (O.L.C. memorandum), https://www.justice.gov/olc/file/1112251/download; Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Injunction, *Guedes v. ATF*, No. 18-cv-2988 (D.D.C.) (filed Jan. 22, 2019); Memorandum for Respondents in Opposition to Petitioner's Motion to Substitute, *Michaels v. Whitaker*, No. 18-496 (S.Ct.) (filed Nov. 26,

2018); Order Denying Motion to Dismiss for Lack of Authority to Prosecute and Holding that the Acting Attorney General Was Properly Appointed, *United States v. Valencia*, No. 17-cr-882 (W.D. Tex. Nov. 27, 2018). But the court can and should dismiss Count 3 without addressing the issue. Whitaker is no longer the Acting Attorney General, and even if he were, the issue would still be irrelevant.

### B. Whitaker No Longer Acting Attorney General

Because the Senate recently confirmed William Barr as Attorney General, Whitaker is no longer Acting Attorney General. Any objection to Whitaker's designation is therefore irrelevant and need not be addressed before granting the Department's motion to dismiss. (For the reasons below, the issue was irrelevant even before Barr's confirmation, but it is even more irrelevant now.)

### C. No Injury from Whitaker's Designation

Mayle does not argue that the alleged invalidity of Whitaker's designation has or had any bearing on the validity of the Department's regulation, nor could he, since the regulation was promulgated long before Whitaker was designated as Acting Attorney General. Nor does Mayle allege that Whitaker has had any personal involvement in this litigation, and he provides no reason to anticipate that Whitaker will personally participate in the litigation in the future. Because Mayle has not identified any injury to himself that could result from Whitaker's designation, he lacks standing to challenge it.

### D. U.S. Attorney's Authority to Handle Case

The defense of this lawsuit is being handled by the U.S. Attorney's Office, and the validity of Whitaker's designation has had no bearing on that office's authority to conduct the defense. Congress has expressly authorized all U.S. Attorneys to "defend, for the Government, all civil

actions, suits or proceedings in which the United States is concerned." 28 U.S.C. § 547(2). That authority does not depend on who is entitled to perform the duties of the office of the Attorney General. So even if Whitaker's designation had been invalid, the U.S. Attorney's Office's authority to defend this lawsuit would have been unaffected. And to the extent that Mayle wants the U.S. Attorney's Office to be subject to supervision by the Deputy Attorney General, Resp. at 3, that is already the case.

Moreover, even if the U.S. Attorney's Office's authority *did* depend on whether there were a validly appointed Attorney General or Acting Attorney General, William Barr has now been appointed through the nomination-and-confirmation process. So there can no longer be any dispute about this office's authority to handle this litigation.

### E. Rule 25(d)'s Operation

The court need not engage with Mayle's argument about whether Whitaker was properly substituted as a defendant. Barr is now the proper official-capacity defendant under Rule 25(d), which provides that when a public officer who is a party in an official capacity ceases to hold office while the action is pending, the "officer's successor is automatically substituted as a party."

**Conclusion**

For the above reasons, the claim against the federal defendant, Count 3, should be dismissed for lack of jurisdiction or for failure to state a claim, and the U.S. Attorney General should be dismissed as a defendant.

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

    By: s/ Alex Hartzler
        ALEX HARTZLER
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-1390
        alex.hartzler@usdoj.gov