UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH WILLIAM MAYLE,

    Plaintiff,

v.                                                                            No. 18 C 6211

CHICAGO PARKS DISTRICT; et. al.                  Judge Leinenweber

    Defendants.

**REPLY TO DEFENDANT U.S. ATTORNEY GENERAL'S "REPLY" IN SUPPORT OF ITS MEMORANDUM TO DISMISS**

Kenneth William Mayle, Plaintiff *pro se*, files this Reply to Defendant U.S. Attorney General's Reply to its own Memorandum in Support of Its Motion to Dismiss.

### Plaintiff's Complaint Meets the Federal Pleading Standard of Rule 8

The only question at this stage of the litigation is whether Plaintiff's Complaint meets the federal pleading standard. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is" and on what it rests. A plaintiff need only establish the jurisdiction and summary of why they are entitled to relief. The plaintiff does not need to present a complicated or detailed factual background establishing the validity of the claim. In a case for fraud, for example, there is no need to plead all of the facts that would conclusively establish fraud. The purpose of this standard is to allow a plaintiff who has a reasonable case to file the complaint, notice the defendants, and then discover the evidence that would prove the case during the discovery process.

The leading Supreme Court case regarding the notice pleading requirements of Rule 8, *Conley v. Gibson*, 355 U.S. 41 (1957), held that a complaint satisfies Rule 8's pleading standard and survives a motion to dismiss unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him or her to relief. *Conley v. Gibson* establishes three presumptions about plaintiff's complaint: i) Plaintiff's allegations are true; ii) facts are construed in a way that is most favorable to the plaintiff; and iii) the court cannot dismiss the case unless proven beyond a doubt that plaintiff can prove no set of facts entitling him or her to relief.

The cases *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), further articulated this standard. The cases refined the pleading standard by asking the court to determine whether factual allegations in a complaint are merely conclusory. To do so, the court must determine which statements are conclusions that are not entitled to the presumption of truth. Next, the court will determine whether the other allegations, which are assumed true, plausibly give rise to relief.

Plaintiff's Complaint raises two separate causes of action which justify the presence of his Guinea Hog, Chief Wiggum, at places of public accommodation: i) the Hog is a service animal, and his presence is protected by the Americans With Disabilities Act (ADA); and ii) the Hog is plays a key role in Plaintiff's religious beliefs and practices, and as such, Plaintiff is entitled to a religious accommodation under the First Amendment. If Plaintiff had merely made these conclusions – that the Defendants violated his First Amendment right to the free exercise of religion, and that the government's ADA regulations were unconstitutional, then perhaps there would be an argument that the Complaint was insufficient. However, this is clearly not the case. Plaintiff's Complaint discusses the context for U.S. and Illinois acts regarding service animals. Plaintiff's Complaint pleaded the basis for his disability, his diagnosis, his history with Chief

Wiggum, and the role Chief Wiggum plays in helping Plaintiff go about his daily life. Plaintiff discussed his religious beliefs and the Hog's role in his religion. Plaintiff pleaded facts about several incidents where he was denied religious or disability accommodations in public places. The *TwiqBal* standard does not invite courts to judge whether the Plaintiff will ultimately be successful in his claims. The question under Federal Rule of Civil Procedure 8(a)(2) remains whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail on them. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). There is sufficient detail for this case to proceed to discovery.

### Plaintiff is Allergic to Dogs

Plaintiff is allergic to dogs. The matters raised by Defendant pertinent to dogs as service animals is irrelevant for purposes of review on a motion to dismiss.

### CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny the Attorney General's Motion to Dismiss.

Respectfully submitted,

/s/ KENNETH WILLIAM MAYLE (-59)

Pro Se

2/26/2019



## CERTIFICATE OF SERVICE

      I hereby certify that this Reply was served on the Defendants via the Court's E.C.F. system, on February 26, 2019.

Respectfully submitted,

/s/ KENNETH WILLIAM MAYLE (-59)

Pro Se

2/26/2019

