# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **KENNETH WILLIAM MAYLE,** | |
| Plaintiff, | |
| v. | Case No. 18 C 6211 |
| **CHICAGO PARK DISTRICT,** *et al.*, | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Defendants—United States Attorney General, City of Chicago, Chicago Park District, Illinois Department of Natural Resources, and Cook County Animal Control ("Defendants")—move separately to dismiss Plaintiff Kenneth Mayle's ("Mayle") Complaint. For the reasons stated herein, the Motions to Dismiss (Dkt. Nos. 19, 22, 48, 51, and 54) are granted in part and denied in part.

### I. BACKGROUND

This case arises from Mayle's disability and inability to access public facilities owned by certain Defendants, allegedly in violation of his constitutional and statutory rights. Mayle suffers from bipolar disorder. Because Mayle is allergic to dogs, he depends on his Guinea Hog, Chief Wiggum, to provide service and emotional support. The Guinea Hog performs tasks such as massage therapy on Mayle's hands to mitigate feelings of anxiety and

depression. The Guinea Hog also encourages Mayle to engage in physical activity: Mayle transports the Guinea Hog with a shopping cart attached to his bike. Finally, Mayle is a Satanist and uses his Guinea Hog during his religious practices.

Mayle alleges that Defendants, through various means and measures, repeatedly denied him the right to bring his Guinea Hog to places of public accommodation in and around the Chicago area. These places include: North Avenue Beach, Montrose Beach, Millennium Park, Grant Park, and other unnamed parks maintained by the Illinois Department of Natural Resources.

Based on the foregoing, Mayle brought the instant action, seeking declaratory and injunctive relief: He requests the Court to designate his Guinea Hog as a service animal equal to dogs and miniature horses. Mayle asserts the following four counts against the various Defendants:

I. A violation of Title II of the ADA against the City of Chicago, Chicago Park District, and the Cook County Animal Control.

II. A violation of the Illinois Human Rights Act against the City of Chicago and the Illinois Department of Natural Resources.

III. Deprivation of Equal Protection under the Fourteenth Amendment against the United States Attorney General.

IV. A violation of the First Amendment against the City of Chicago and the Illinois Department of Natural Resources.

> V. A violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), against the City of Chicago and the Illinois Department of Natural Resources.

Defendants now move separately to dismiss the entirety of Mayle's Complaint, asserting that (1) the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); and (2) Mayle has failed to state any claims under Federal Rules of Civil Procedure 12(b)(6). Each basis to dismiss will be discussed in turn.

## II. DISCUSSION

### A. Pro Se Complaints

Mayle has filed and litigated this case on a pro se basis. Courts construe pro se complaints more liberally than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Typically, courts will treat "allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers." *Id.*

### B. Rule 12(b)(1) Dismissal

The Court will first address subject matter jurisdiction before turning to the merits of the underlying claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Standing is a jurisdictional matter; thus, a motion to dismiss for lack of standing is properly brought under Rule 12(b)(1). *Goleta Nat'l Bank v. O'Donnell*, 239 F. Supp. 2d 745, 752 (S.D. Ohio 2002).

A plaintiff lacks standing when the complaint lacks sufficient facial allegations to establish subject matter jurisdiction. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

**1. Cook County Animal Control**

Mayle asserts that Cook County Animal Control violated his rights under Title II of the ADA by not issuing his Guinea Hog a Dog Friendly Area ("DFA") tag—a rabies vaccination certification that allows owners to bring their dogs to dog parks and dog beaches. Defendant Cook County Animal Control, however, asserts that Mayle does not have standing to bring this claim. To have standing, a plaintiff must show that he has (1) suffered an "injury in fact"; (2) the injury is reasonably traceable to the defendant's challenged action; and (3) it must be likely, rather than speculative, that the plaintiff's injury will be redressable by a favorable decision. *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff must show that the action injures him in a concrete and personal way. *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009).

The Court will consider the third prong—redressability—first, for it is dispositive. It is not likely, but merely speculative, that issuing the Guinea Hog a DFA tag would remedy Mayle's alleged injury—inability to access certain parks and beaches. Illinois law

only requires specific animals, cats, dogs, and ferrets, to receive rabies vaccinations, which leads to issuing a DFA tag. 510 ILCS 5/8. Mayle's Complaint does not indicate that admission to access of the parks, beaches, and other public recreational facilities with his Guinea Hog is contingent upon receiving a DFA tag. *See id.* These places of public accommodation are free to allow any animal entry with or without a DFA tag. Therefore, the ADA claim is dismissed under Rule 12(b)(1) with prejudice because Mayle cannot show that a favorable decision against Animal Control would enable him to access public spaces with his Guinea Hog. The Court turns next to whether Mayle has stated a claim upon which relief can be granted.

### C. Rule 12(b)(6) Dismissal

All Defendants have moved separately to dismiss the action under Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the plaintiff pleads "sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678.

Allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (citation omitted). The Court discards pleadings that are no more than conclusions in order to identify well-pleaded factual allegations. *Iqbal*, 556 U.S. at 679. A court will then determine whether the remaining allegations plausibly give rise to relief. *Id.*

Defendants argue that each of Mayle's four counts fail to state a claim. Each claim will be discussed in turn.

### 1. Title II of the ADA

First, Mayle assert that Defendants City of Chicago and Chicago Park District violated his rights under Title II of the ADA. 42 U.S.C. § 12182(a). Title II of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

Defendants argue that Mayle has failed to state a claim under the ADA for three reasons: (1) he is not a qualified individual with a disability; (2) his Guinea Hog is not a service animal; and (3) his requested accommodation is not reasonable under the ADA. Each will be discussed in turn. To preface, a qualified individual with a qualifying service animal may bring that service animal

- 6 -

into places of accommodation. *See* 28 C.F.R. § 35.136(g). However, as the Court will show, although Mayle is a qualified individual with a disability, his Guinea Hog does not constitute a service animal. Therefore, the Court will assess separately whether Mayle's request to bring the Guinea Hog to places of public accommodations is sufficient to state a claim under the ADA.

### a. Qualified Individual with a Disability

To bring a claim under the ADA, a plaintiff must show that he or she is a qualified individual with a disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). The disability must substantially limit major life activities. 42 U.S.C. § 12102(1)(A). Courts consider several factors when deciding whether a disability substantially limits major life activities, including one's ability to sleep, hear, see, walk, breath, or learn. *See* 29 C.F.R. § 1630.2(i); *Ross v. Knight*, No. 1:03-cv-1700, 2006 WL 3626372, at *6 (S.D. Ind. Dec. 8, 2006). Plaintiff alleges that his bipolar disorder impairs his ability to breathe, concentrate, and sleep. This is sufficient to plead that Mayle is a qualified individual with a disability under the ADA. *See* 42 U.S.C. § 12102(1)(A).

### b. Service Animal

The Court turns to whether Mayle's Guinea Hog constitutes a service animal. Mayle argues that Defendants Chicago Park

District's and City of Chicago's refusal to treat his Guinea Hog as a service animal violates the ADA. Title II protects the right of a disabled individual to have a service animal in public facilities. *See* 28 C.F.R. § 35.136(g). The ADA authorizes the Department of Justice ("DOJ") to promulgate regulations for the implementation of Title II. *See* 42 U.S.C.A. § 12134. One such DOJ regulation defines service animals as:

> [A]ny dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. Other species of animals, whether wild or domestic, trained or untrained, are not service animals for the purposes of this definition. The work or tasks performed by a service animal must be directly related to the individual's disability.

28 C.F.R. § 36.104. This regulation set the minimum requirements of what constitutes a service animal. *See id.*

The ADA does not limit the kind of tasks a service animal can perform. However, courts have interpreted 28 C.F.R. § 36.104 to mean that animals that perform only tasks that provide comfort and emotional support are not sufficient to constitute a service animal under the ADA. *See Riley v. Bd. of Comm'rs*, No. 4:14-CV-063, WL 4181143, *1, 5-7 (N.D. Ind. Sept. 21, 2017) (finding that animals performing tasks such as balance support and mobility were insufficient to assist an individual with Post Traumatic Stress Disorder); *see also* 28 C.F.R. § 35.104.

Here, Mayle pleads that the Guinea Hog calms him, by performing massage therapy on Mayle's hands and other body areas to reduce the effects of anxiety and depression. Mayle also asserts that he uses the Guinea Hog for physical activity by transporting the Guinea Hog with a shopping cart attached to his bike. To begin, under § 36.104, a Guinea Hog is not a service animal. 28 C.F.R. § 36.104. Even if an animal could be recognized as such, Mayle's Guinea Hog assists in and performs emotional support tasks, which, as established above, is insufficient. *See Riley*, 2017 WL 4181143, at *5. Mayle has failed to plead sufficient facts of how the Guinea Hog's performance of such tasks assists with his disability. Thus, Mayle's Guinea Hog does not qualify as a service animal on the grounds he pleads. *See* 28 C.F.R. § 35.104.

  *c. Reasonable Accommodations by Public Entities*

Mayle also appears to allege that denial of his Guinea Hog is a violation of the public entities' responsibility to provide reasonable accommodations to people with disabilities under the ADA. *See* 42 U.S.C. § 12182(b)(2)(A). This allegation is facially acceptable in this case because "failure to accommodate is an independent basis for liability under the ADA." *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 751 (7th Cir. 2006). A reasonable accommodation is one that is efficacious. *Oconomowic Residential Programs, Inc. v. Milwaukee*, 300 F.3d 775,

784 (7th Cir 2002). Public entities are generally required to make reasonable accommodations unless "making such modifications would fundamentally alter the nature of the entities' goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182. For the statute to apply, the Court must determine first, whether the requested modification is "reasonable"; second, whether it is "necessary" for the disabled individual; and third, whether it would "fundamentally alter" the nature of the goods, services, and so forth. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 638 (2001).

To hold a place of public accommodation liable, a plaintiff need only show one of the following: (1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable accommodation, or (3) the defendant's rule disproportionally impacts disabled people. *Washington v. Indiana High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir. 1999). However, "whether a requested accommodation is reasonable or not is a highly fact-specific inquiry and requires balancing the needs of the parties." *Oconomowic Residential Programs,* 300 F.3d at 784.

Rather than articulating a reason why Mayle failed to state a reasonable accommodation claim, the City of Chicago and Chicago Park District merely argue that Mayle is not entitled to the Guinea

Hog as an accommodation because it is not a service animal. These two Defendants have improperly merged Mayle's claim challenging DOJ's regulations defining service animals with his claim that he is entitled to a reasonable accommodation in the form of being allowed to take his Guinea Hog into the public spaces that the City and Park District administer. The City and the Park District do not argue that Mayle's requested accommodation is unreasonable, imposes significant costs, or fundamentally alters the nature of their services. *See A.H. by Holzmueller v. Ill. High Sch. Ass'n*, 881 F.3d 587, 594 (7th Cir. 2018). Therefore, the City and Park District's argument that Mayle's reasonable accommodation claim should be dismissed under Rule 12(b)(6) fails. Mayle may continue to pursue his reasonable accommodation claim against the City and Park District.

### 2. Illinois Human Rights Act

Mayle asserts that the City of Chicago and the Illinois Department of Natural Resources violated the Illinois Human Rights Act ("IHRA"). The IHRA prohibits discrimination in a place of public accommodation based on a physical or mental disability. 775 ILCS 5/1-103. The IHRA has an exhaustion requirement. A complainant must first file a charge with the IDHR within 180 days of the alleged civil rights violation. *See* 775 ILCS 5/7A-102(A). Once the IDHR investigates the charge and issues a report, the complainant

then has the option, if done so within ninety days of receiving the report, to proceed before the Illinois Human Rights Commission or commence a civil action in court. *See* 775 ILCS 5/7A-102(D). If the IDHR fails to issue a report within 365 days, the complainant has ninety days either to proceed before the IHRC or to commence a civil action. *See* 775 ILCS 5/7A-102(G)(2). Failing to comply with the IHRA's exhaustion requirements results in dismissal of an IHRA claim. *See Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 640 (7th Cir. 2004).

Mayle has failed to plead any facts that demonstrate whether he pursued the IHRA claim in accordance with the administrative procedures set out above. Thus, Mayle's IHRA claim fails and is dismissed. *Talley v. Washington Inventory Serv.*, 37 F.3d 310, 312-13 (7th Cir. 1994).

### 3. Equal Protection Claim

Mayle asserts that the U.S. Attorney General violated his rights under the Equal Protection Clause of the Fourteenth Amendment by promulgating regulations that limit service animals under the ADA to dogs and miniature horses. *See* 28 C.F.R. § 36.104. The Equal Protection Clause of the Fourteenth Amendment states no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. Equal protection violations can occur when regulations draw distinctions among

people in a "suspect" class. *See Srail v. Village of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009) (citing *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002)).

Mayle challenges the DOJ's regulation 28 C.F.R. § 36.104, which defines "service animal" under the ADA as "any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability," and 28 C.F.R. § 35.136, which directs public entities to accommodate reasonably the use of miniature horses as service animals. According to Mayle, these regulations do not pass muster under the Equal Protection Clause.

First, the Court notes that the Fourteenth Amendment is the incorrect vehicle to use here because it does not apply against the federal government. However, the Fifth Amendment's Equal Protection clause does apply to the federal government, and that Amendment's Due Process clause forbids the federal government from denying equal protection of the laws. U.S. Const. Amend. V. Moreover, Fifth Amendment Equal Protection claims are treated "precisely the same" as equal protection claims under the Fourteenth Amendment. *Ben-Shalom v. Marsh,* 881 F.2d 454, 463 (7th Cir. 1989). Thus, the Court will construe Mayle's Equal Protection claim as one under the Fifth Amendment, and not the Fourteenth Amendment.

Even under the Fifth Amendment, however, Mayle's claim fails. People with disabilities have not been distinguished as a suspect or a quasi-suspect class. *United States v. Harris*, 197 F.3d 870, 876 (7th Cir. 1999). When a regulation does not involve a suspect class, a court will uphold the regulation if there is "a rational relationship between the disparity of treatment and a legitimate governmental purpose." *City of Chicago v. Shahala*, 189 F.3d 598, 605 (7th Cir. 1999). To overcome this analysis, a plaintiff must allege facts "sufficient to overcome the presumption of rationality that applies to government classification." *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992).

Mayle alleges that he was aggressively ridiculed, harassed, and heckled by patrons when he brought the Guinea Hog to public recreational services. As the DOJ identifies, the government has a legitimate interest in maintaining public order and imposing limits on the types of animals allowed in public places. The Court agrees. Mayle's own recounting of the disruption that ensued when he took his Guinea Hog into public parks demonstrates why the regulation is rational. As such, Mayle has failed to state a claim for a violation of the Equal Protection Clause under the Fifth Amendment.

## 4. First Amendment

Mayle asserts that Defendants City of Chicago and the Illinois Department of Natural Resources violated his First Amendment right to free exercise of religion. Mayle claims that his religious beliefs compel him to bring the Guinea Hog to various public facilities owned or maintained by the two Defendants. By prohibiting the Guinea Hog on the premises, Defendants allegedly infringed on Mayle's practice of Satanism and deprived him of his First Amendment rights.

The Free Exercise of Religion Clause prohibits "plac[ing] a substantial burden on the observation of a central religious belief or practice" without first demonstrating a compelling governmental interest that justifies it. *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). According to the Supreme Court, neutral laws with general applicability do not apply to the Clause. *See Employment Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 883 (1990). To determine whether a law is neutral, courts will consider the law's objective, the law's historical background, the events leading to the law's enactment, and the administrative history of the law. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 631 (7th Cir. 2007). However, Mayle does not identify which rules or laws he is challenging. Therefore, the Court cannot engage in the appropriate analysis. It is not the Court's role to

do the research or construct legal arguments on behalf of the parties. *See Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001). Accordingly, Mayle's First Amendment claim is dismissed.

   **5. Religious Land Use and Institutionalized Persons Act**

Mayle asserts that the City of Chicago and the Illinois Department of Natural Resources violated his rights under the Religious Land Use and Institutionalized Act ("RLUIPA"). The RLUIPA establishes that:

> No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution--
> **(A)** is in furtherance of a compelling governmental interest; and
> **(B)** is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C.S. § 2000cc(a)(1). The RLUIPA specifically defines a "land use regulation" as:

> zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land), if the claimant has an ownership, leasehold, easement, servitude, or other property interest in the regulated land or a contract or option to acquire such an interest.

42 U.S.C.S. § 2000cc-5(5). None of Mayle's allegations against Defendants concern the use or development of his land or

restricting zoning or landmark laws. *See id.* Instead, Mayle argues that Defendants excluding his Guinea Hog from the public facilities violated his rights under the statute. The Court fails to see how the RLUIPA is applicable in this case. Therefore, the claim must be dismissed with prejudice.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss (Dkt. Nos. 19, 22, 48, 51, 54) are granted in part and denied in part as follows:

1. Mayle's Title II reasonable accommodation claim against Defendants City of Chicago and Chicago Park District may proceed.

2. Mayle's Title II reasonable accommodation claim against Cook County Animal Control and his RLUIPA claim against the City of Chicago and the IDNR are dismissed with prejudice.

3. The rest of the claims are dismissed without prejudice.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

Dated: 7/2/2019