IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MAYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18 C 6211 |
| | ) | |
| CHICAGO PARK DISTRICT; | ) | Judge Harry D. Leinenweber |
| ILLINOIS DEPARTMENT OF | ) | |
| NATURAL RESOURCES, DIVISION | ) | |
| OF PARKS AND RECREATION; | ) | |
| U.S. ATTORNEY GENERAL | ) | |
| WILLIAM BARR, in his | ) | |
| official capacity; and | ) | |
| CITY OF CHICAGO; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CITY OF CHICAGO AND CHICAGO PARK DISTRICT'S
REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION**

Defendant City of Chicago ("City"), by and through its attorney, Mark A. Flessner, and Defendant Chicago Park District ("Park District"), by and through its attorney, Christina L. Rosenberg, respectfully submit this reply in support of Defendants City and Park District's (collectively "Defendants") motion for partial reconsideration of the Court's July 2, 2019 order.

**ARGUMENT**

In ruling on Defendants' motion to dismiss, this Court correctly concluded that Plaintiff's Guinea Hog does not qualify as a "service animal" under Title II of the Americans with Disabilities Act (ADA). Dkt. No. 64 at 7–9. Plaintiff's Guinea Hog does not qualify because, among other reasons, only dogs or miniature horses can be service animals for purposes of Title II. *See* 28 C.F.R. §§ 35.104 (defining "service animal" to include only dogs), 35.136(i) (allowing miniature horses to be treated as service animals). For two reasons, the Court's

1

conclusion that Plaintiff's Guinea Hog is not a service animal requires dismissal of Plaintiff's ADA claim in its entirety. First, as explained in Defendants' motion for reconsideration, public entities have no obligation under the ADA to accommodate disabled individuals' requests to use non-service animals. *See* Dkt. No. 65 at 5–9. Second, the only ADA claim Plaintiff even asserted against Defendants was a claim that Defendants violated the ADA by "refus[ing] to treat [Plaintiff's Guinea Hog] as a service animal." Compl. ¶ 137. Thus because Plaintiff's Guinea Hog is not a service animal, Defendants' alleged refusal to accommodate Plaintiff's request to bring his Guinea Hog into public facilities does not constitute an ADA violation. And therefore the Court's ruling that Plaintiff had stated a claim for failure to accommodate Plaintiff's use of a non-service animal constitutes a manifest error of law.

Plaintiff's response to Defendants' motion for reconsideration only reinforces Defendants' position. Plaintiff expressly acknowledges that current ADA regulations do not require public entities to accommodate non-service animals. *See* Dkt. No. 67 at 4 ("The current [ADA] rules limit reasonable accommodation to service animals[.]"). And Plaintiff confirms that the crux of his ADA claim is his assertion that a Guinea Hog *does* or *should* qualify as a service animal. *See id.* at 3 ("[The ADA's] definition [of service animal] is unconstitutional because it denies Plaintiff the right to a reasonable accommodation."); *id.* ("Plaintiff is challenging this restriction because it is unconstitutional to restrict service animals to dogs and miniature horses. There is no reason why an exotic animal like a reasonably-sized pig could not meet the definition of service animal[.]").

Plaintiff makes no attempt to defend the notion that public entities might be required to provide accommodations for non-service animals. Instead, he essentially asks the Court to reconsider its ruling that Plaintiff's Guinea Hog is not a service animal. But the current ADA

regulations could not be clearer on this point: "Other [non-canine] species of animals, whether wild or domestic, trained or untrained, are not service animals . . . ." 28 C.F.R. § 35.104. And although Plaintiff continues to contend that the Department of Justice's service-animal regulations are arbitrary and unconstitutional, an ADA claim brought against the City and Park District is not the proper vehicle for challenging the validity of DOJ's regulations. Indeed, in this same lawsuit, Plaintiff has already brought a proper challenge to the regulations by way of an equal-protection claim against DOJ, a claim this Court has already dismissed. *See* Dkt. No. 64 at 12–14.

In addition, as Defendants argued in their motion, even if it were possible for Plaintiff to bring a reasonable accommodation claim for use of a non-service animal, Plaintiff has failed to allege the elements of such a claim here. *See* Dkt. No. 65 at 10–11. Plaintiff makes no attempt to cure those pleading deficiencies in his response by, for example, providing instances of specific requests he made to the City or Park District for accommodation or explaining how his Guinea Hog is necessary to allow him meaningful access to public facilities. And at the July 31, 2019 motion hearing, Plaintiff represented that he does not intend to amend his complaint to cure those or any other deficiencies.

In short, nothing in Plaintiff's response calls into question the reality that public entities have no obligation to accommodate disabled individuals' requests to use non-service animals. Of the three cases Plaintiff cites, two involved requests to accommodate the use of dogs (which can be service animals under the ADA regulations). *See*, *e.g.*, *Cordoves v. Miami-Dade Cty.*, 92 F. Supp. 3d 1221, 1225 (S.D. Fla. 2015); *Nat'l Fed'n of the Blind of California v. Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1076 (N.D. Cal. 2015). And the other case supports Defendants' position. *See Newberger v. Louisiana Dep't of Wildlife & Fisheries*, No. CIV.A. 11-2996, 2012

WL 3579843, at *5 (E.D. La. Aug. 17, 2012) (public entity had no obligation to provide reasonable accommodation to permit use of monkeys because monkeys were not service animals). Because there is no authority to support the viability of Plaintiff's ADA claim, the Court should reconsider its prior ruling and grant Defendants' motion to dismiss in its entirety.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court (1) reconsider that portion of its July 2, 2019 order that denied Defendants' motion to dismiss with respect to Count I of Plaintiff's Complaint, (2) grant Defendants' motion to dismiss Plaintiff's Complaint in its entirety, and (3) grant Defendants such further relief as the Court deems just and appropriate.

Date: August 7, 2019

Respectfully submitted,

| | |
|---|---|
| CHRISTINA L. ROSENBERG, Counsel for the Chicago Park District | MARK A. FLESSNER, Corporation Counsel for the City of Chicago |
| By: /s/Christina L. Rosenberg | By: /s/Justin Tresnowski |
| Heather L. Keil – Senior Counsel<br>Christina L. Rosenberg - Counsel<br>Chicago Park District<br>541 N. Fairbanks, 3rd Fl.<br>Chicago, IL 60611<br>312.742.4609 / 4720<br>Heather.Keil@chicagoparkdistrict.com<br>Christina.Rosenberg@chicagoparkdistrict.com<br>CPDlawnotices@chicagoparkdistrict.com<br>Attorneys for Defendant Chicago Park District | Justin Tresnowski<br>Assistant Corporation Counsel<br>City of Chicago, Department of Law<br>Constitutional and Commercial Litigation Division<br>30 North LaSalle Street, Suite 1230<br>Chicago, Illinois 60602<br>(312) 744-4216<br>Attorney for Defendant City of Chicago |