UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH WILLIAM MAYLE,

    Plaintiff,

v.

CHICAGO PARKS DISTRICT; et. al.

Defendants.

No. 18 C 6211

Judge Leinenweber

Plaintiff's Motion for Judicial Notice

### PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

The Federal Rules of Evidence provide that judicial notice may be taken of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is proper only when the matter is "beyond reasonable controversy." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (quoting advisory committee's note to Fed. R. Evid. 201). Plaintiff seeks judicial notice of the following document: Guidance on Nondiscrimination on the Basis of Disability in Air Travel (14 CFR Part 382) [Docket No. DOT-OST-2018-0067].[1] This document, which is the official guidance from the Department of Transportation regarding the obligations of airlines with respect to service animals and emotional support animals, is Attached hereto as Appendix A.

---

[1] Publicly available at
https://www.transportation.gov/sites/dot.gov/files/docs/resources/individuals/aviation-consumer-protection/345426/final-enforcement-policy.pdf]

## I. PROCEDURAL HISTORY

Plaintiff sued the United States Attorney General, City of Chicago, Chicago Park District, Illinois Department of Natural Resources, and Cook County Animal Control regarding his disability and inability to access public facilities owned by the Defendants, in violation of his constitutional and statutory rights. Plaintiff suffers from bipolar disorder. As this Court noted, since "Mayle is allergic to dogs, he depends on his Guinea Hog, Chief Wiggum, to provide service and emotional support. The Guinea Hog performs tasks such as massage therapy on Mayle's hands to mitigate feelings of anxiety and depression. The Guinea Hog also encourages Mayle to engage in physical activity: Mayle transports the Guinea Hog with a shopping cart attached to his bike. Finally, Mayle is a Satanist and uses his Guinea Hog during his religious practices." Doc 64, at 1-2. Defendants filed motions to dismiss. (Document Nos. 19, 22, 48, 51, and 54). On July 2, 2019, this Court denied in part and granted in part the motions to dismiss. Defendants filed motions for reconsideration. (See Docs 65 and 65-1). Plaintiff filed a Response (Doc 67) and the Motions are still pending.

## II. ARGUMENT

The Department of Transportation has issued Guidance on Nondiscrimination on the Basis of Disability in Air Travel. This document states that DOT will prioritize that "commonly recognized service animals" such as dogs, cats and miniature horses are accepted by the airlines. However, airlines can also face enforcement action for categorically refusing to transport other species as service animals or as emotional support animals. DOT could also penalize airlines for requiring prior documentation of the need for an SA or ESA, since this could "unduly restrict" people with disabilities from traveling at the last minute for emergencies. (Appendix A, Guidance, p. 26)

1

Defendants asserted that Plaintiff has no Americans with Disabilities Act (ADA) claim when he is denied the use of a service animal who does not meet the definition of service animal. Plaintiff argues that contrary to the Defendants' assertion, he states a claim under both Title II and Title III. Plaintiff previously pointed out the contradictions between Title I, II and III, where the ADA permits all sorts of service animals at work but denies that right to individuals with disabilities in the public accommodation realm. (See Doc 67)

DOT's Guidance document further complicates the Defendants' argument that the law does not require places of public accommodation to allow Plaintiff to use a guinea hog or other type of swine.

A. **Title I: Service Animals and Emotional Support Animals in Employment**

Title I employment regulations do not include the definition of a service animal that Title II and III use. The law leaves the door open for other animals to be considered a reasonable accommodation if they offer *either* emotional support or traditional service tasks. The Department of Justice interpretation of Title I does not include species restrictions. Animals which are not dogs or miniature horses *can be* a reasonable accommodation in employment.

**B. Titles II and III: Service Animals in Public Places**

For purposes of Titles II and III of the ADA, the Department of Justice states that a service animal is "[a]ny dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability." 28 C.F.R. §35.104; 28 C.F.R. §36.104. The regulations limit service animals to dogs who can perform certain tasks. These tasks include physical, sensory, psychiatric or intellectual tasks or those that will assist individuals with a mental disability. *Id.*

DOJ issued new guidelines in 2011 which limit the definition of service animals to "working animals" not household pets and "[d]ogs whose sole function is to provide comfort or emotional support do not qualify as service animals under the ADA."[2] Under DOJ's interpretation, only dogs and miniature horses can be service animals. DOJ refuses to recognize the validity of emotional support animals. 28 C.F.R. §35.104; 28 C.F.R. §36.104.

### C. Department of Transportation Guidelines for Airlines

After several airlines tightened the requirements for passengers who use emotional support animals, the Department of Transportation considered what obligations air carriers had toward people with disabilities. DOT has now issued a final policy statement for service animals and emotional support animals. DOT's policy statement makes the following determinations:

**Species Limitations:** The DOT will prioritize that "commonly recognized service animals" such as dogs, *cats* and miniature horses are accepted for transport. Although cats are not included in the DOJ's interpretation of service animal, DOT disagrees. According to DOT, "Cats join dogs in being one of the two most common species that are used as ESAs. Service Animal Advocates Position and Reasoning, p. 8 at https://www.regulations.gov/document?D=DOT-OST-2015-0246-0208 (Sept.15, 2016)." (Appendix A, DOT Guidance, p. 7) Here the DOT explicitly states, on behalf of the federal government, that ESAs receive official legal recognition.

The DOT Guidance goes one step further by stating that airlines could face enforcement action for "categorically" refusing to transport other species as service animals: "We stated that while we will focus on ensuring the transport of dogs, cats and miniature horses, we may take enforcement action against carriers for failing to transport other service animals on a case-by-case basis. (Appendix A, Guidance, p. 7) This means that the federal government agrees that species

---

[2] https://www.ada.gov/service_animals_2010.htm

other than dogs and horses may qualify as SAs or ESAs and that they must be permitted on airplanes if they meet other reasonable requirements.

**Unusual Species:** Although airlines requested that DOT adopt a narrow definition of SAs, DOT declined to do so. In addition, "[a]irlines have asked us to declare that a wide variety of species (e.g., birds, hedgehogs, insects, and animals with hooves or horns) constitute "unusual service animals" that may be categorically banned."(Appendix A, DOT Guidance, p. 7-8) Again, DOT refused to do so. DOT also declared that airlines can "continue to deny transport to snakes, other reptiles, ferrets, rodents, and spiders; however, airlines will remain subject to potential enforcement action if they categorically refuse to transport other animals or species of animals." (Appendix A, DOT Guidance, p. 8)

That a government agency believes animals such as pigs can be SAs, and that ESAs are also worthy of protection under the regulations bolsters Plaintiff's arguments in this case. Throughout this litigation, Plaintiff has maintained his willingness to follow reasonable requirements to ensure that public health and safety are not negatively impacted by the presence of his SA/ESA. He has discussed in some detail his effort to have his guinea hog vaccinated. Many of the things Plaintiff discussed in this Court were actually covered by the DOT rule, such as vaccinations, documentation requirements, weight limitations, medical documentation of his need for the animal, and more. The DOT guidelines demonstrate that he indeed as a right to take a hog to a park or restaurant or taxi or Uber or other public place.

### III. JUDICIAL NOTICE

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

4

Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts in this District have taken judicial notice of website printouts that originate from government or agency websites. Courts have taken judicial notice when documents posted to the government websites are matters of public record, or generally known or come from sources whose accuracy cannot reasonably be questioned." See *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, No. 12-cv-01851, 2013 WL 80369, at *4 (N.D. Ill. Jan 7, 2013); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (noting that contents of government websites are a proper item of which to take judicial notice); *Hensen v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir.1994) (a district court may take judicial notice of public court documents in deciding a motion to dismiss).

Other District and Circuit courts recognize that government documents are recognizable under Rule 201. See *Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'y v. California*, 547 F.3d 962, 968 n.4 (9th Cir. 2008) (government documents on government website); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (same); *Interstate Nat. Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("[The court] may take judicial notice of records and reports of administrative bodies."); *Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts . . . [and] public documents . . . .") S*Inc.*, No. 08-51288-NPO, 2009 WL 2477392, at *3 n.7 (Bankr. S.D. Miss. Aug. 11, 2009) (recognizing that courts may take "judicial notice of information contained in official government Internet web sites under Rule 201 of the Federal Rules of Evidence.").

Taking judicial notice is similarly appropriate here with respect to official government guidelines. *See United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D. Mich.

5

2003) ("[G]overnment documents are generally considered not to be subject to reasonable dispute . . . . This includes public records and government documents available from reliable sources on the Internet.") (citation and internal quotation marks omitted); *In re Hyperion Found.,Inc.,* No. 08-51288-NPO, 2009 WL 2477392, at *3 n.7 (Bankr. S.D. Miss. Aug. 11, 2009) (recognizing that courts may take "judicial notice of information contained in official government Internet web sites under Rule 201 of the Federal Rules of Evidence.").

## CONCLUSION

Appendix A provides additional guidance for the Court about how federal agencies are defining what constitutes a service animal and whether people with disabilities have a right to bring ESAs into public venues. For these reasons, Plaintiff respectfully requests that the Court take judicial notice of the DOT'S "Guidance on Nondiscrimination on the Basis of Disability in Air Travel."

RESPECTFULLY SUBMITTED,

/s/Kenneth William Mayle (-59)

CERTIFICATE OF SERVICE

I hereby certify that this document was served on all Defendants via the Court's ECF system on this 15th day of August, 2019.