```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **KENNETH MAYLE,** | |
| Plaintiff, | |
| v. | Case No. 18 C 6211 |
| **CHICAGO PARK DISTRICT, and THE CITY OF CHICAGO,** | Judge Harry D. Leinenweber |
| Defendants. | |

## ORDER

The City of Chicago and the Chicago Park District's Motion for Reconsideration (Dkt. No. 65) is granted.

## STATEMENT

This case concerns Plaintiff Kenneth Mayle's desire to bring his pet pig, named Chief Wiggum, into various public spaces in the Chicago area. Mayle asserts that under the Americans with Disabilities Act (ADA), he is entitled to bring Chief Wiggum with him in public spaces. Mayle brought suit against several governmental entities, including arms of the federal, State, and local county government. On July 2, 2019, in response to Motions to Dismiss from all of the named Defendants, the Court dismissed all but one of Mayle's claims without prejudice. The Court allowed Mayle until August 5, 2019, to amend his dismissed claims or render them dismissed with prejudice. Mayle did not file an amended

complaint; thus, the Court's dismissals have converted to dismissals with prejudice.

The one claim that the Court did not dismiss was, as the Court described it, a Title II reasonable accommodation claim against the City of Chicago and the Chicago Park District. Now the City of Chicago and the Chicago Park District—the two remaining Defendants in this case—move the Court to reconsider its July ruling and dismiss Mayle's Complaint in its entirety. For the reasons explained below, Defendants' Motion for Reconsideration (Dkt. No. 65) is granted.

The Court has not entered final judgment in this case, so Federal Rule of Civil Procedure 54(b) governs this motion. Under Rule 54(b), non-final orders may be revised at any time before the entry of a final judgment. *See* Fed. R. Civ. P. 54(b). Courts may grant motions for reconsideration to correct manifest errors of fact or law. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A motion for reconsideration performs a valuable function "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

In its July 2019 Opinion, the Court observed that Mayle "appears to allege" a Title II reasonable accommodation claim. (Mem. Op. at 9, Dkt. No. 64.) The Court's observation was based on Mayle's references to reasonable accommodation claims in his Complaint. (*See* Compl. ¶¶ 10, 64-67, 69, 77, 82-84, Dkt. No. 1.) The Court then declined to dismiss the reasonable accommodation claim because Defendants did not raise specific arguments as to why Mayle failed to state such a claim under Rule 12(b)(6). Defendants now assert that the Court was wrong to construe Mayle's Complaint to include a reasonable accommodation claim for two reasons: (1) the ADA does not require public entities to accommodate animals that fall outside 28 C.F.R. § 36.104's definition of "service animals"; and (2) Mayle did not allege a reasonable accommodation claim. Because Defendants' motion can be resolved on the basis of their second argument, the Court will not reach the first.

The Department of Justice (DOJ) regulation outlining the duty of a public entity to accommodate reasonably the needs of the disabled states:

> A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

28 C.F.R. § 35.130(b)(7). Mayle failed to allege several of the required elements of a reasonable accommodation claim. The elements of a Title II claim are: (1) plaintiff is a qualified individual with a disability; (2) plaintiff was either excluded from participating in, or denied the benefits of, a public entity's services, programs, or activities, or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of disability. *See Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006) (citing 42 U.S.C. § 12132). A Title II claim "may be established by evidence that (1) the defendant intentionally acted on the basis of the disability; (2) the defendant refused to provide a reasonable modification; or (3) the defendant's rule disproportionally impacts disabled people." *Id*. at 753.

First and foremost, Mayle does not claim that he ever informed any City or Park District employee that he had a disability; that he made a request for a reasonable accommodation that the City and Park District refused; or that his need for an accommodation was obvious without his raising the issue. This is fatal to a reasonable accommodation claim. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 691 (2001) (noting, in Title III reasonable accommodation claim, that Congress intended entities covered by the ADA to give individualized attention to accommodation *requests*); *Schwarz v.*

*The Villages Charter Sch., Inc.*, 165 F. Supp. 3d 1153, 1173 (M.D. Fla. 2016), *aff'd sub nom. Schwarz v. Bd. of Supervisors on behalf of Villages Cmty. Dev. Districts*, 672 F. App'x 981 (11th Cir. 2017) ("[W]here, as here, a plaintiff alleges discrimination based on a public entity's refusal to provide a reasonable accommodation, the plaintiff must also establish that the plaintiff requested an accommodation (or the need for one was obvious) and that the public entity failed to provide a reasonable accommodation."). Additionally, to state a reasonable accommodation claim, a plaintiff must allege that the requested modification is "necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130. Mayle did not allege that having Chief Wiggum with him is necessary to allow him access to the public facilities he wishes to access. Thus, it is apparent from the face of the Complaint that Mayle failed to state a reasonable accommodation claim.

Furthermore, Mayle's response to Defendants' Motion for Reconsideration confirms that he was not advancing a reasonable accommodation claim. Mayle describes his ADA claim in a variety of ways, including:

> Plaintiff is challenging [the DOJ regulation defining "service animal"] because it is unconstitutional to restrict service animals to dogs and miniature horses. (Pl.'s Resp. at 3, Dkt. No. 67.)

> [I]t is unconstitutional for DOJ to rule out other animals who could meet the definition of service dog and four-factor test applied to miniature horses. (Pl.'s Resp. at 3.)
>
> Why does it matter that the tasks are performed by a reasonably-sized swine rather than a dog? That is the ultimate question posed by Plaintiff's lawsuit. This litigation should move forward so that Plaintiff can demonstrate that Chief Wiggum can meet the definition applicable to miniature horses. (Pl.'s Resp. at 5.)

Mayle's characterization of his ADA claim emphasizes that his issue is with the DOJ's definition of service animal—which is limited to dogs and miniature horses—not with the City or Park District's refusal to provide him with an individual accommodation. The Court has already held that Chief Wiggum does not fall within the definition of a service animal (Mem. Op. at 9), and a reasonable accommodation suit is not a vehicle for a plaintiff to challenge federal regulations. Ultimately, Plaintiff's response sets forth no arguments in favor of construing the Complaint to contain a reasonable accommodation claim.

Interpreting a *pro se* complaint in the context of a Rule 12(b)(6) motion can be a delicate act for a court. A document filed *pro se* is "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations omitted). However, in this case, it appears that Mayle neither alleged, nor

intended to allege, a reasonable accommodation claim. Thus, the Court has reconsidered its original inclination to construe Mayle's Complaint to include a Title II reasonable accommodation claim. The Court now finds that Mayle's Complaint did not state a reasonable accommodation claim. Accordingly, the City of Chicago and the Chicago Park District's Motion for Reconsideration (Dkt. No. 65) is granted. Because all of Mayle's claim have now been dismissed with prejudice, this case is terminated. The status hearing set for September 19, 2019, is stricken.

                                          Harry D. Leinenweber, Judge
                                          United States District Court

**Dated: 9/9/2019**